OPINION OF THE COURT
Dianne S. Gasworth, J.
Having served a 30-day notice electing to terminate the respondent’s tenancy on the ground “that landlord offered tenant a renewal lease and tenant refused to accept any lease” the landlord thereafter instituted this holdover proceeding in which it alleges “that landlord offered tenant a new lease pursuant to NYC Rent Stabilization Law of 1969, as amended by Chapt. 576 of the Laws of 1974, but tenant refused to accept any lease”.
THE FACTS
The parties heretofore entered into a section 8 lease covering the dwelling in question for a period from September 1, 1978 through August 31, 1980. As a section 8 lessee, the tenant receives a subsidy under the Housing and Community Development Act of 1974 (US Code, tit 42, § 1437f [United States Housing Act of 1937, § 8, as added by Public Law 93-383, tit 2, § 201, subd (a)]). Thereafter, the landlord refused to renew the tenant’s lease as a section 8 lease, under which there would be a subsidy for the tenant, but it did, and still does, as it states in its *393 memorandum of law, offer to give the tenant “a lease pursuant to the Rent Stabilization Laws”. As a consequence, in its memorandum it asks for a final judgment awarding it possession of the subject apartment “unless the tenant signs a rent stabilization lease within ten days.”
Both sides agree that the Rent Stabilization Law applies to the tenant’s apartment.
If the tenant accepts the decision of the landlord to renew the lease, but not as a section 8 lessee, she will lose her rights as a Federally subsidized tenant and will have to pay the entire rent herself.
When the tenant entered into the lease in April, 1978, the landlord was, of course, aware of the fact that as a section 8 lessee the tenant was to receive a subsidy or grant toward the payment of the rent. Since the inception of the lease, and apparently down to the present time, the tenant has continued to receive that subsidy and there is no contention that she has not complied with the necessary requirements to remain eligible for the continuance of such a subsidy.
THE CONTENTIONS OF THE PARTIES AND THE APPLICABLE LAW
The tenant contends “that she is entitled to a renewal lease with continued Section 8 benefits”. The landlord, on the other hand, although conceding that “there is no case law on this issue” contends that “we must look to the wording of the Section 8 law, the Section 8 contract between the landlord and the Housing Authority, and the Rent Stabilization Law.” It then argues that “it is the landlord who has the choice as to who will be the tenant under a Section 8 lease” and that “there is no provision in the Section 8 law, in the Section 8 Housing Assistance Payments Contract, or in the Section 8 lease between the parties, which requires that a landlord renew a Section 8 lease” and, therefore, since “it is the landlord who selects the Section 8 tenants, under the law, the landlord has a right to refuse to retain a tenant as a Section 8 tenant once the lease expires.”
As a rent-stabilization tenant, Mrs. Thompson was entitled to renew her lease (New York City Real Estate Industry Stabilization Association Code [RSC], § 50) under the *394 same terms and conditions as the expiring lease (RSC, § 60). (See, also, Kips Bay Towers v Armstrong, 82 Misc 2d 489; Newport Apts. Co. v Collins, NYLJ, Feb. 2, 1979, p 13, col 6.) The pertinent question here, therefore, and one which apparently has not yet received a judicial answer, is whether section 8 benefits must be continued by the landlord in its renewal lease.
On a section 8 lease, the parties to the original lease are the Housing Authority, the landlord and the tenant. Accordingly, pursuant to that section, and the terms of the lease, the subsidy portion of the rent is paid directly to the landlord by the Housing Authority and the balance of the rent is paid to the landlord by the tenant. That procedure was followed in this case. How much rent a tenant must personally pay and how much is given to him or her as a grant is therefore of paramount importance.
It thus seems clear, beyond question, that the receipt of section 8 benefits must be deemed a material term and condition of the lease. The landlord concedes “that the Rent Stabilization Law, and the code thereunder, requires that a landlord renew a lease under the same terms and conditions as the prior lease” but it nevertheless argues that “those dwelling units under the guise of the Section 8 program are not subject to the Rent Stabilization Law.”
In attempted substantiation of its contention, it argues that section 2 (subd [g], par [4]) of the New York City Real Estate Industry Stabilization Association Code “specifically exempts dwelling units which are leased by or financed by a public agency from the provisions of the Rent Stabilization Law” and it concludes that section 8 dwelling units are financed by the New York City Housing Authority, a public agency and are, therefore, not subject to the provisions of the Rent Stabilization Law.
The landlord’s contention, however, misreads the wording of that section which, so far as is here material, specifically excludes from section 8 benefits only those “dwelling units which are either (a) owned or leased by or financed by loans from a public agency or public benefit corporation” (New York City Real Estate Industry Stabilization Association Code, § 2, subd [g], par [4]). Although it *395 is true that the tenant, as a section 8 lessee, receives a subsidy, the dwelling unit here in question is neither owned nor leased by nor financed by a loan from a public agency or a public benefit corporation. The subsidy is just that — a grant to the tenants — not a loan to the landlord or anyone else, and therefore, section 2 (subd [g], par [4]) which would otherwise deprive the tenant of her section 8 rights does not apply.
Accordingly, the court finds it unnecessary to pass upon the applicability to the fact pattern here of such cases as Escalera v New York City Housing Auth. (425 F2d 853), which in effect holds that a tenant may not be evicted from a housing project without a good cause showing at a hearing made prior to the commencement of the eviction proceedings.
The petition is dismissed in view of this court’s holding that the tenant is entitled to a renewal lease under the same terms and conditions as are contained in the prior lease.