OPINION OF THE COURT
Leonard Scholnick, J.
This is a CPLR article 78 proceeding in which the petitioner owner of a building containing rent-stabilized apartments seeks in effect review of an order issued by the Conciliation and Appeals Board (Board) which directed the owner to offer the tenant a renewal lease on the same terms and conditions as the tenant’s previous leases. The proceeding is improperly labeled “declaratory judgment”. The facts are not in dispute.
Petitioner is a member of the Rent Stabilization Association. Emma Walker is a tenant in apartment No. 5F of a rent-stabilized building at 55 Lenox Road, Brooklyn, New York. She took occupancy pursuant to a one-year lease commencing December 1, 1977 and has remained in occupancy pursuant to one-year renewal leases, the last of which expired on November 30, 1981. Throughout her occupancy, the tenant has received rent subsidy assistance in accordance with the provisions of the Federal Housing and Community Development Act of 1974 (section 8 Hous *842 ing Assistance Program, US Code, tit 42, § 1437f). The owner has agreed by contract with the New York City Housing Authority (Authority) to accept the subsidized rental amount to be paid by the Authority. Additionally, the lease agreements executed by the tenant and the owner made reference to the section 8 contract by stating that the lease would not be effective unless and until the Housing Authority executed the housing assistance payments contract with the owner. The leases provided for the amount of rent to be paid by the tenant and the Authority. After the expiration of the tenant’s fourth renewal lease which ended on November 30, 1981, the owner refused to offer a renewal lease and instead filed ah application in February, 1982 with the Board seeking permission to refuse to renew the tenant’s lease contending that the apartment was not subject to the Rent Stabilization Law, and that the tenant could be evicted. In other words, that the tenant lost the protection of the rent stabilization laws because she received the rent subsidy.
The Conciliation and Appeals Board in order and opinion number 26,233 dated June 2,1983 held that the owner was required by the Rent Stabilization Law to renew the tenant’s lease and that the renewal lease should be on the same terms and conditions as the previous lease, including a “Section 8” rider.
In seeking judicial review, the owner contends in effect that she should not be required to tender a renewal lease with the section 8 Federal rent subsidy benefits and that she has a right to terminate the landlord and tenant relationship because the Housing Assistance Program expired on November 30, 1981. At this juncture it is noted that the contract expired November 30, 1982.
In matters of this nature for review of an administrative determination, the only question before the court is whether the determination is rationally based upon the evidence and the law (Matter of Fazio v Joy, 58 NY2d 674; Matter of Colton v Berman, 21 NY2d 322). No useful purpose would be served in repeating in detail the comprehensive six-page opinion by the Board which effectively covers petitioner’s contentions. Upon perusal thereof the court is of the opinion that the Board’s determination is rationally based upon the evidence and the law and that *843 there is no merit to any of petitioner’s contentions. The law is clear that an owner’s acceptance of a “Section 8” subsidy paid on behalf of a tenant does not remove the apartment from protection under the Rent Stabilization Law and Code. Any other determination would make a farce of the law.
The Rent Stabilization Law of the State of New York requires the owner to offer the tenant a renewal lease upon the “same terms” as the previous lease which, in this case, must include the section 8 rent subsidy. This is a material term and condition of the lease (Tann Realty Co. v Thompson, 112 Misc 2d 392). Subdivision A of section 23 and section 60 of the Code of the Rent Stabilization Association of New York City, Inc., specifically provide that, except in very limited circumstances, none of which are present here, at the conclusion of a lease for a rent-stabilized apartment, the owner must offer to the tenant a renewal lease upon the “same terms” as the expiring lease. No valid and lawful reason has been shown by the owner for her refusal to enter into a section 8 subsidized rent renewal lease. The owner loses nothing since she receives the same rent increase she would be entitled to on any rent-stabilized apartment. In this gravely tight housing market, to deny the tenant the benefit of the Rent Stabilization Law because she receives rent assistance would thwart the very purpose of the law. Moreover, the contract petitioner voluntarily agreed to with the Housing Authority is expressly subject to local law with respect to a tenant’s eviction and nowhere does it state that the tenant is removed from rent stabilization protection because she receives rent assistance. In the event the owner opts not to proffer a renewal lease, sanctions may be imposed by the Board, such as reversion of the apartment to rent control. However, the tenant will still have the protection of the rent control laws.
Petitioner’s request, in the alternative, that if the Board’s order is affirmed, petitioner should be permitted to offer the tenant retroactive leases with the increases, is without merit. The law is clear where the tenant is not timely provided with the renewal lease and the owner was responsible for the delay, the lease takes effect prospectively, i.e., from the time an executed copy was served on *844 the tenant (Matter of Briar Hill Apts. v Conciliation & Appeals Bd., 44 AD2d 816). If the owner chooses not to comply with proffering a renewal lease thereby depriving the tenant of the security of a lease during the Board proceedings and contemporaneous litigation, it would not be just to require the tenant to thereafter pay a large retroactive lump sum for rent. Moreover, it appears that the owner made application to the Board a year prior to the expiration of the tenant’s lease term.
In sum, the court finds that the Board’s determination is rationally based upon the evidence and the applicable law and should be confirmed.
Accordingly, the application is denied and the petition is dismissed.