OPINION OF THE COURT
Richard Goldberg, J.
This case raises, apparently for the first time, the issue of which lease provisions apply when a rent stabilization lease and a section 8 lease (42 USC § 1437f) are both ostensibly in effect during the same time period and their provisions conflict.
Petitioner landlord commenced this summary holdover proceeding seeking possession of respondent tenant’s apartment for family use. Respondent’s answer alleges lack of good faith *80 and includes a demand for trial by jury, counterclaims and demands for discovery. Petitioner contends that pursuant to clauses in respondent’s rent-stabilized lease, counterclaims, discovery and trial by jury have been waived. Respondent argues that although the initial rent stabilization lease contained the waiver clauses petitioner refers to, that lease was superseded by tenant’s more recent "section 8” lease which omits mention of such waivers. The terms of both leases overlap and each is silent as to the effect the other may have on it.
Respondent became a tenant at apartment 1R at 347 Lincoln Road, Brooklyn, New York, in July 1981 under an oral agreement. On April 1, 1982, she and petitioner signed a one-year rent stabilization lease. On or about April 1, 1983, the parties signed an identical one-year lease, apparently a renewal. On or about April 1, 1983, the parties also executed a section 8 housing assistance lease which was to take effect on November 1, 1983 and terminate March 1, 1985. This lease is a full and complete document on its face, setting forth rental and other obligations of the parties. It makes no mention of the rent stabilization lease but does state that in the event section 8 status terminates prior to the expiration of the lease, "tenant shall be entitled to enter into a separate agreement with the landlord for the remaining term * * * under the same terms and conditions as the Landlord provides for the other tenants in the building”. Despite the clear implication from this paragraph that this document would be the sole and exclusive agreement between the parties, petitioner argues that the two documents should be read together. Petitioner has also submitted another rent-stabilized lease dated from March 1, 1984 to February 1985. This document was only signed by the landlord. Finally, a copy of a section 8 renewal lease for the apartment, not signed by anyone, has been provided and it states that it was to apply for the period April 1, 1985 to March 31, 1986. In May 1986 landlord commenced this holdover proceeding. Petitioner concedes that the section 8 lease is still in effect but contends that the rent stabilization lease is also in effect. Petitioner further contends that since the rent stabilization lease specifically contains the waivers of right to assert counterclaims, discovery and trial by jury and the section 8 lease is silent on those subjects, the two leases should be read together and effect given to the waivers.
It is the opinion of this court that the section 8 lease alone *81 sets forth the complete terms of agreement between the parties and the rent stabilization lease has been superseded. In Axelrod v Various Tenants (123 Misc 2d 922) and Pleasant E. Assocs. v Cabrera (125 Misc 2d 877), Judges David B. Saxe and Renee A. White, respectively, held that where a subject premises is Federally subsidized under section 8 of the housing assistance program petitioner landlord is not required to comply with local rent control and rent stabilization laws by registering with the Rent Stabilization Association prior to commencing a summary proceeding. Both decisions are clearly predicated upon the conclusion that Federal regulations preempt local rent control laws. Equally instructive is the case of Love v United States Dept. of Hous. & Urban Dev. (704 F2d 100), wherein Third Circuit Judge Becker, in his decision, referred to letters HUD had written to its Pittsburgh and Philadelphia offices specifically instructing housing project owners to remove certain provisions from their proposed section 8 lease, including exculpatory clauses; waiver of legal proceedings and waiver of jury trials.
In light of this clear intent on the part of HUD, this court is unable to apply literally the language used in Matter of Fishel v New York City Conciliation & Appeals Bd. (123 Misc 2d 841), wherein that court stated that a section 8 lease does not remove an apartment from protections afforded under the Rent Stabilization Law. In actuality, the narrower holding of that case merely enforces the provision of the section 8 lease which guarantees a tenant all the rights granted to nonsection 8. tenants in the building should the section 8 subsidy expire for any reason. In Fishel, as in the instant action, a section 8 tenant is assured that she would have all the protection of a rent-stabilized tenant when as and if her section subsidy expires.
No less persuasive is the fact that petitioner has not presented this court with any rent-stabilized lease signed by the respondent after she became a section 8 tenant.
The court finds the parties to be governed solely by the provisions of the section 8 lease so long' as the parties are subject to that program. Respondent tenant’s requests for discovery, trial by jury, and the right to assert counterclaims are granted.