■ MSG POMP CORPORATION, Respondent, v JANE DOE, Respondent, and MARIA BAEZ, Appellant.—Order, Supreme Court, Appellate Term, First Department (Stanley Ostrau, P. J.; Xavier C. Riccobono, Edith Miller, JJ.), entered April 25, 1991, affirming an order of the Civil Court, New York County, Housing Part (Gould, H. J.), which, *inter alia,* denied respondent's motion to vacate a final judgment of possession and dismiss the petition, unanimously reversed, on the law, without costs or disbursements, the judgment vacated and the petition dismissed, without prejudice.

Petitioner commenced this summary proceeding in September 1988 to evict respondent from an apartment in which she had lived since 1980 as a friend of the tenants of record on the ground that she is a licensee without tenancy rights in the apartment. Respondent claims that until sometime in January 1987, when she began to occupy the apartment exclusively, she and the tenants of record maintained a single household,

sharing expenses and the preparation of meals. In its verified petition, petitioner stated, in part, "The premises are not subject to the rent regulations of the NYS Department of Housing and Community Renewal (DHCR) by reason of being owned by the City." It is undisputed that this statement was false. Unknown to respondent, the premises were in fact not owned by the City but had been purchased by petitioner from the City in 1986. For that reason, they were subject to DHCR rent stabilization regulations.

A final judgment of possession, dated October 13, 1988, was entered against respondent, who appeared *pro se.* Issuance of the warrant was stayed through December 16, 1988. Respondent, again appearing *pro se,* sought and obtained a further stay of the warrant until February 17, 1989. Two further stays were obtained, *pro se.* Finally, after retaining the Legal Aid Society, which, upon investigation, discovered the petition's misrepresentations, respondent moved to vacate the judgment and dismiss the petition as jurisdictionally defective because of its mischaracterizations of the premises as City owned and exempt from rent regulation. Alternatively, she sought vacatur of the judgment and permission to serve an answer and interrogatories relating to the transfer of the premises from the City to petitioner and the latter's failure to comply with the Rent Stabilization Law. Petitioner cross-moved to amend the petition to delete the false statements and add the allegation that the premises are subject to the rent regulations of the N.Y.S. Dept. of Housing and Community Renewal. The Civil Court, without addressing the lack of jurisdiction argument denied the motion to vacate and dismiss and permitted the amendment sought by the cross motion. On reargument, the court found that "there were no jurisdictional defects which deprived [it] of jurisdiction to accept the parties' agreement to settle the lawsuit". On appeal, the Appellate Term affirmed, holding that "[a]ny pleading irregularities in the petition" do not require dismissal of the proceeding as jurisdictionally defective. This court granted leave to appeal. Since petitioner's misrepresentations of the ownership and rent regulatory status of the premises rendered the petition jurisdictionally defective, we now reverse and dismiss the petition.

On review of landlord-tenant proceedings, this court has uniformly applied the rule that the failure strictly to comply with the statutes governing summary proceedings deprives the court of jurisdiction and mandates dismissal. " '[A] summary proceeding is a special proceeding governed entirely by statute [citations omitted] and it is well established that there must

be strict compliance with the statutory requirements to give the court jurisdiction [citations omitted].' " *(Berkeley Assocs. Co. v Di Nolfi,* 122 AD2d 703, 705, quoting *Goldman Bros. v Forester,* 62 Misc 2d 812, 814-815; *see, Matter of Blackgold Realty Corp. v Milne,* 69 NY2d 719, 721; *Giannini v Stuart,* 6 AD2d 418.)

RPAPL 741 requires that the petition in a summary proceeding to recover possession of real property "[s]tate the interest of the petitioner in the premises" (subd [1]), "[d]escribe the premises" (subd [3]) and "[s]tate the facts upon which the special proceeding is based" (subd [4]). Thus, RPAPL 741 ensures that a tenant will be informed of the factual and legal claims that he or she will have to meet and enables the tenant to interpose whatever defenses are available. Here, the petition's assertions that the premises were "owned by the City", when in fact they were owned by petitioner, and that they were "not subject to * * * rent regulations" when, in fact, they were, misstated the ownership and rent regulatory status of the premises and thus failed to satisfy the requirements of RPAPL 741. Such failure requires dismissal. Concur—Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.