OPINION OF THE COURT
Laurie L. Lau, J.
*297 Petitioner in this nonpayment summary proceeding moves to amend the pleadings to reflect that the premises herein are subject to the Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 4) with the rent concomitantly changed to reflect the regulated rent for the apartment. Respondent cross-moves to dismiss the proceeding on the grounds that the petition is unamendable, citing MSG Pomp Corp. v Doe (185 AD2d 798 [1st Dept 1992]), or, in the alternative, to stay the proceeding pursuant to CPLR 2201 pending the resolution of respondent’s complaint of rent overcharge presently before the Division of Housing and Community Renewal (DHCR).
Respondent is the tenant of apartment 1-A (Apartment) in the building located at 321 East 22nd Street in Manhattan (Building). Petitioner commenced this nonpayment proceeding pursuant to a petition verified January 16, 1997 to recover rents which it alleged were owing for the Apartment. The petition alleged that the Apartment was not subject to the Rent Stabilization Law because "the building, of which the subject apartment is a part, was substantially rehabilitated after January 1, 1974 and a certificate of occupancy was issued thereafter by the Department of Buildings.” The rent sought was at the rate of $826.20 per month.
Concededly, petitioner and respondent have disagreed for some time on the rent regulatory status of the Apartment. After this proceeding began, the DHCR by order No. KH410032R, dated February 18,1997, found that petitioner had overcharged respondent because petitioner failed to register the Building as rent stabilized. Petitioner, even after this nonpayment proceeding commenced, consistently disagreed with the DHCR and with respondent. The parties were in the midst of protracted litigation before the DHCR on the issue of the status of the Building as well as on the issue of a claimed overcharge by respondent when the petition was served.
However, the petitioner has finally conceded that the Apartment is subject to the Rent Stabilization Law. In a March 27, 1997 letter to respondent, it notified respondent of its concession. The letter also contained a schedule recalculating respondent’s rent and enclosed a check, refunding him the calculated overpayments, with interest. Additionally, petitioner amended its registered rents with the DHCR. Respondent refused the refund offered by petitioner, asserting that the rents sought by petitioner continue to constitute an overcharge.
It is against this backdrop that respondent, now represented by counsel, moves to dismiss this proceeding claiming that the *298 rent regulatory status pleaded in the petition is unamendable and, as such, requires dismissal under MSG Pomp (supra).
In MSG Pomp (supra), the Appellate Division, reversing the Appellate Term, dismissed a nonpayment petition where the petitioner initially had pleaded that the subject premises were not subject to rent regulation because they were owned.by the City of New York. Initially, the petitioner had obtained a judgment against the respondent, who was not represented by counsel. After the respondent obtained counsel, counsel discovered that the rent regulatory status for the apartment had been falsely pleaded. Respondent then moved to dismiss the proceeding because the property was not owned by the City and the rent regulatory status pleaded in the petition was not correct. Petitioner cross-moved to amend its petition to reflect the proper status. The lower court granted amendment and that grant was affirmed by the Appellate Term. The Appellate Division, however, reversed and found that petitioner’s misstatement of ownership and rent regulatory status failed to satisfy the requirements of RPAPL 741 and such misrepresentation required dismissal of the proceeding because the failure to strictly comply with the statute deprived the court of jurisdiction. (MSG Pomp Corp. v Doe, 185 AD2d, at 800.)
Though at first blush it may appear that this proceeding directly mirrors the situation in MSG Pomp (supra), the circumstances of the instant case prove the exception to the rule. Here, both petitioner and respondent, as well as the DHCR, have engaged in an ongoing dispute as to the rent regulatory status of the Apartment. That was not the case in MSG Pomp where the respondent was unaware of the rent regulatory status of his apartment and did not learn the true status until an investigation by counsel. Here, petitioner moved well in advance of trial to concede that the Apartment was subject to rent regulation and to amend the pleadings to reflect this concession. That was not the case in MSG Pomp where the petitioner did not advise the court or counsel as to the true status of the apartment until respondent moved to vacate the judgment and dismiss the proceeding. Additionally, here the facts were not falsely pleaded or misstated. They are what petitioner, after much litigation, continued to believe was the true status of the Apartment. That was not the case in MSG Pomp where the petitioner set forth false statements known to be false.
In addition, in Hughes v Lenox Hill Hosp. (226 AD2d 4 [1st Dept 1996]) the Appellate Division considered the similar ques *299 tion of whether a notice was adequate. It held that the test for determining whether or not a notice was adequate was one of reasonableness in view of the attendant circumstances. It therefore held that since the plaintiff had not set forth unreasonableness, "or, alternatively, [that the notice] should be subject to strict construction as a matter of equity” (at 18, citing MSG Pomp Corp. v Doe, supra), that the notice was proper. Applying those principles here, there is no such misrepresentation and no prejudice which would require the dismissal of this proceeding under CPLR 3025, rather than the amendment of the pleadings to reflect the now conceded status of the Apartment as rent stabilized. There is no prejudice because respondent continuously has claimed that the Apartment is subject to rent stabilization. There is no malfeasance because petitioner, at the time the petition was made, believed in good faith that it was not subject to rent stabilization.
Accordingly, petitioner’s motion to amend is granted and the proposed amended petition attached to petitioner’s moving papers is deemed the original. Respondent’s motion to dismiss is therefore denied.
Respondent’s motion for a stay pending the DHCR’s resolution of his overcharge complaint also is denied. The parties have long litigated at the DHCR and any decision which issues here concerns only the issue of unpaid rent which, following the dictates of the Rent Stabilization Code (9 NYCRR parts 2520-2530), would be without prejudice to the rights of the parties when a resolution of the rents ultimately is concluded by the DHCR. This court, however, sees no reason to stay this proceeding.