OPINION OF THE COURT
Per Curiam.
Order entered February 23, 1998 reversed, with $10 costs, landlord’s motion to amend the petition granted, the petition reinstated and the proposed amended petition deemed served in the form annexed to landlord’s moving papers.
Civil Court abused its discretion in denying landlord’s motion to amend the petition and, sua sponte, dismissing the owner occupancy proceeding. Although the original petition did not state the manner in which the notice of nonrenewal and the 30-day notice of termination had been served, nor contain an annexed copy of the notice of termination, these pleading irregularities did not constitute noncurable jurisdictional defects (Ohayon v Rosenbloom, NYLJ, Feb. 8, 1991, at 21, col 3 [App Term, 1st Dept]). Nor did the misstatement as to the precise date of the original lease agreement governing the tenancy rise to the status of a jurisdictional defect (cf., MSG Pomp Corp. v Doe, 185 AD2d 798 [landlord’s misrepresentation of ownership and rent-regulated status of apartment]). We further note that the proposed amendment of the caption to reflect an alias of tenant resulted in no prejudice to tenant (CPLR 3025 [b]). Accordingly, landlord’s motion to amend the petition should have been granted.
McCooe, J. P., Davis and Gonzalez, JJ., concur.