*532 OPINION OF THE COURT
Memorandum.
Order dated September 18, 2001 unanimously reversed without costs, petition reinstated, and motion by tenant to dismiss denied.
Order dated October 15, 2001 unanimously reversed without costs, motion by landlord to amend granted, and petition deemed to allege that the tenancy is subject to rent stabilization and that the premises is duly registered.
Although we agree with landlord that it was, under the circumstances, an improvident exercise of discretion for the court to adjourn the trial in order for tenant to move to dismiss, we nevertheless reach the merits of the motion in the interest of judicial economy.
Contrary to landlord’s contention, tenant’s section 8 (Existing Housing Program) tenancy is subject to rent stabilization (Mott v New York State Div. of Hous. & Community Renewal, 211 AD2d 147, 151 [1995]; Fishel v New York City Conciliation & Appeals Bd., 123 Misc 2d 841 [1984]; Tann Realty Co. v Thompson, 112 Misc 2d 392 [1981]), and landlord was required to so allege in the petition, in addition to alleging the section 8 status (RPAPL 741; MSG Pomp Corp. v Doe, 185 AD2d 798 [1st Dept 1992]; Villas of Forest Hills Co. v Lumberger, 128 AD2d 701 [2d Dept 1987]; cf. 433 Assoc. v Murdock, 276 AD2d 360 [1st Dept 2000] [petition must allege section 8 status]). However, contrary to the housing court’s determination, landlord’s failure to make the required allegation in the petition did not deprive the court of subject matter jurisdiction or otherwise render the petition “jurisdictionally defective” (Villas of Forest Hills Co. v Lumberger, supra [2d Dept]; Birchwood Towers #2 Assoc. v Schwartz, 98 AD2d 699, 700 [2d Dept 1983]; see 433 Assoc. v Murdock, supra [1st Dept]; Paikoff v Harris, 185 Misc 2d 372, 375-376 [1999]; but see MSG Pomp Corp. v Doe, supra [1st Dept]; Giannini v Stuart, 6 AD2d 418 [1st Dept 1958]; cf. Clarke v Wallace Oil Co., 284 AD2d 492, 493 [2d Dept 2001] [discussed infra]). In the absence of any demonstrable prejudice to tenant, we deem the petition amended to state that the premises is subject to rent stabilization and that it is duly registered.
We note that cases such as Giannini v Stuart (supra), holding that misstatements with respect to the rent regulatory status of a premises render a petition “jurisdictionally defective,” were expressly disapproved by the Appellate Division, Second Department, in Birchwood Towers #2 Assoc. v Schwartz *533 (supra) based on Court of Appeals decisions holding that such cases “exemplify an improper use of the term jurisdiction” (Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166 [1967]; see also Lacks v Lacks, 41 NY2d 71, 75 [1976]). We further note that the Appellate Division, First Department, has also now adopted the more liberal rule of construction (433 Assoc, v Murdock, supra) and has stated that a rule of strict construction was applied in MSG Pomp Corp. v Doe (supra) only as a matter of equity (Hughes v Lenox Hill Hosp., 226 AD2d 4, 18 [1996]). In view of the foregoing, the recent decision by the Appellate Division, Second Department, in Clarke v Wallace Oil Co. (supra), which held, citing MSG Pomp Corp. as authority, that a misdescription in a petition of the premises deprives the court of “subject matter jurisdiction,” must be limited to its own facts.
The housing court’s dismissal of the petition here was also predicated on a determination that only the last of the termination notices sent by landlord to tenant was operative and that that notice was not served in the manner required by the lease. However, inasmuch as the section 8 lease expired by its own terms prior to the commencement of this proceeding, any defects in the service of the notice terminating the lease are irrelevant. To the extent that a notice was required by section 2524.2 of the Rent Stabilization Code (9 NYCRR) to terminate the tenancy, that notice did not have to be served in the manner set forth in the lease because the lease provision was applicable only to notices “required under this lease,” and the Rent Stabilization Code notice is not such a notice. In any event, we disagree with the housing court’s determination that the last notice, which referenced the earlier notices, vitiated the prior notices, which were served in accordance with the terms of the lease. Contrary to tenant’s contention, these notices amply advised tenant of the facts supporting landlord’s termination of her tenancy.
Pesce, P.J., Patterson and Golia, JJ., concur.