OPINION OF THE COURT
Rosalyn Richter, J.
Plaintiff seeks an injunction ordering her landlord to complete the paperwork necessary for her to receive a section 8 *663 rental subsidy,[1] and damages pursuant to Real Property Law §§ 223-b and 230. For many years, plaintiff has resided in a rent-stabilized apartment owned by defendant. In September 2001, she was notified that her application for a section 8 subsidy had been approved, but her landlord (hereafter Liefer) refused to sign the voucher that was necessary for her to receive the payment. Plaintiff further contends that defendant Liefer explicitly told her that he would not sign the paperwork because she “was a problem tenant” and was responsible for getting her neighbors to file complaints about the building with the Department of Housing Preservation and Development (HPD). Plaintiff notes that this conversation occurred shortly after she had made complaints to HPD about the lack of heat in the building, and after she encouraged other tenants to make heat complaints. She points out that the landlord’s actions occurred during the week when she participated in a tenant’s association meeting in the building. That meeting was hosted by a community development group whom she had contacted about the problems with repairs and services.
Mr. Liefer acknowledges that he will not sign the voucher, but denies that this decision is in response to any of plaintiff’s tenant organizing activities or her complaints. Rather, Mr. Liefer contends that he is not required to participate in the section 8 program, and disputes that he has other tenants in the section 8 program. He also contends that Real Property Law §§ 223-b and 230 do not cover a landlord’s unwillingness to sign a section 8 voucher whatever the reasons for the landlord’s decision. Thus, 1525 Dorchester Co. and Mr. Liefer argue that plaintiff’s complaint fails to state a cause of action and seek dismissal pursuant to CPLR 3211.[2]
Real Property Law § 223-b (2) prohibits a landlord from substantially altering the terms of a tenancy in retaliation for the tenant’s participation in the activities of a tenant’s organization or in retaliation for any actions taken by the tenant to enforce her rights under New York or federal law. The statute states that “Substantial alteration” includes, “but is not limited to, the refusal to continue a tenancy * * * or * * * to renew the lease or offer a new lease.” Here, the landlord has *664 not refused to renew plaintiffs lease, tried to terminate her current lease or changed the rent required under the lease. Thus, the cause of action under Real Property Law § 223-b (2) must be dismissed.
However, the court finds that plaintiff has pleaded a valid cause of action under Real Property Law § 230, which provides that “No landlord shall interfere with the right[1] of a tenant to form, join or participate in the lawful activities of any group, committee or other organization formed to protect the rights of tenants; nor shall any landlord harass, punish, penalize, diminish, or withhold any right, benefit or privilege of a tenant under his tenancy for exercising such a right.” (Real Property Law § 230 [1].) The wording in Real Property Law § 230 is very broad and covers actions which harass the tenant or diminish the tenant’s privileges and benefits. Here, plaintiff alleges that the landlord’s actions will force her to choose between giving up her right to obtain repairs and required services in her apartment, one of the primary reasons she participated in the tenants meeting, and losing her rent-stabilized apartment because she cannot afford to live there without a section 8 subsidy. Such a situation unquestionably could interfere with a tenant’s participation in the lawful activities of a tenant’s committee, and also could be seen as harassment within the meaning of Real Property Law § 230.
The landlord’s argument that the court has no authority to compel him to participate in the program also does not require this court to grant the motion to dismiss. Even if the court were to agree that as a general proposition a landlord is not obligated to participate in the section 8 program (see 30 Eastchester LLC v Healy, NYLJ, Apr. 17, 2002, at 30, col 5 [New Rochelle City Ct, Westchester County]; 42 USC § 1437f [d] [1] [B] [ii]), Real Property Law § 230 covers actions that diminish or penalize the tenant’s “benefits and privileges.” Thus, it does not matter for the resolution of this motion whether a section 8 subsidy is considered a right or a privilege. Moreover, every landlord is subject to New York State’s laws which prohibit harassment of tenants. In a slightly different context, the appellate courts have held that the section 8 regulations do not preempt the State’s legitimate authority to enforce its rent regulation laws. (See generally, 17th Holding v Rivera, 195 Misc 2d 531 [App Term, 2d Dept 2002]; Matter of Mott v New York State Div. of Hous. & Community Renewal, 211 AD2d 147 [2d Dept 1995].) Thus, the landlord’s actions are not exempt from the court’s review merely because the underlying dispute relates to section 8 payments.
*665 The court is not persuaded by the opinion letter dated December 23, 2002 from the New York State Division of Housing and Community Renewal (DHCR), which is annexed to the landlord’s motion papers. First, that letter merely reiterates DHCR’s general position that a landlord may opt out of the section 8 program, but does not discuss the retaliation issue presented here. Second, the broad construction of this letter proposed by the landlord here would mean that a landlord could refuse to participate in the section 8 program for any reason even if the reason was discriminatory or involved a violation of New York law. Such a holding would leave prospective and current section 8 tenants with less protection than tenants in other situations, and would be inconsistent with the public policy underlying New York’s laws against tenant harassment.
Finally, the landlord denies that its actions were based on plaintiffs complaints or her participation in any organizing activities. However, such a factual dispute is not grounds for granting a motion to dismiss under CPLR 3211. Rather, the court must assume the allegations in the complaint are true and plaintiff is entitled to all the reasonable inferences therefrom. (Khan v Newsweek, Inc., 160 AD2d 425 [1st Dept 1990].) In addition, plaintiff has provided an affidavit from a social worker who spoke to Mr. Liefer. That affidavit, which is consistent with the allegations in the complaint and the affidavit submitted by the plaintiff, indicates that Mr. Liefer told the social worker that he was willing to consider other section 8 tenants, but would not complete the paperwork for plaintiff because she was an “instigator.” Therefore, no basis exists at this juncture to conclude that plaintiff does not have a cause of action cognizable under the law. (Ackerman v 305 E. 40th Owners Corp., 189 AD2d 665 [1st Dept 1993] [court may consider affidavits as a supplement to sufficient complaint].)
In sum, defendants’ motion to dismiss for failure to state a cause of action is denied.

. In the alternative, plaintiff seeks an injunction barring defendant from charging her more than the rent she would have to pay if she were receiving her section 8 subsidy. By stipulation, defendant New York City Housing Authority has agreed to stay the expiration of the paperwork for plaintiff’s voucher pending the outcome of this litigation.

. The Housing Authority has neither filed its own dismissal motion nor taken a position on the landlord’s motion.