5670 58 Street Holding Corporation and Clinton Park Corporation, Respondents,
against
ASAP Towing Services, Inc., Appellant, ASAP Towing, Inc., Tenant, et al., Undertenants.




Appellate Term Docket No.
2016-1590 Q C
Lower Court # 60838/15
Coran Ober, P.C. (Steven T. Beard, Esq.), for appellant and nonparty-appellant.
The Law Offices of Daniel S. Steinberg, P.C. (Daniel S. Steinberg, Esq.), for respondents.

Appeals from a final judgment of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered October 8, 2015, and from an order of the same court entered February 2, 2016 (appeal No. 2016-349 Q C). Separate appeal from an order of the same court entered February 10, 2016 (appeal No. 2016-1590 Q C). The final judgment, insofar as appealed from, after a nonjury trial, awarded landlords possession as against tenant ASAP Towing Services, Inc. in a holdover summary proceeding. The order entered February 2, 2016, insofar as appealed from and as limited by the brief, denied a cross motion by tenant ASAP Towing Services, Inc., pursuant to CPLR 5015 (a) (4), to vacate the final judgment. The order entered February 10, 2016 denied a motion by nonparty Miguel Sanchez for leave to intervene in the proceeding.




ORDERED that, on the court's own motion, the appeals are consolidated for purposes of disposition; and it is further,
ORDERED that the final judgment and the order entered February 2, 2016, insofar as appealed from, and the order entered February 10, 2016 are affirmed, without costs.
In this commercial holdover proceeding, the petition describes the premises sought to be recovered as 56-09 56th Terrace, Maspeth, New York 11378, and alleges the termination of a month-to-month tenancy. A diagram of an irregularly shaped lot, purporting to represent a graphic depiction of the premises, is annexed to the petition. A corporate entity named ASAP Towing, Inc. entered into a stipulation of settlement with landlords. A second corporate entity, ASAP Towing Services, Inc. (Towing Services) interposed an answer, signed by nonparty-appellant Miguel Sanchez as vice president, which denied, among other things, the petition's allegation that it was a tenant at the premises described in the petition as 56-09 56th Terrace, Maspeth, New York 11378, but did not assert any facts or an affirmative defense in support of its denial. Prior to trial, Sanchez, acting on behalf of Towing Services, requested adjournments in the proceeding. Although landlords served Towing Services with a discovery demand, including a request to produce any relevant written leases, no leases were produced. Following a nonjury trial, at which Sanchez did not testify, the Civil Court awarded landlords possession, finding, among other things, that landlords had met their prima facie burden and that Towing Services had failed to show that the premises sought to be recovered is actually known as 56-25 56th Terrace, as Towing Services contended during the trial. Rather, the court found, the evidence demonstrating that 56-09 was Towing Services' address—including Towing Services' president's acknowledgment of having received mail at 56-09 56th Terrace, of signage and surrounding fencing showing the address of the premises sought to be recovered as 56-09 56th Terrace, and of Towing Services' incorporation papers, which list that as its address—and the lack of any documentary evidence showing the address of the premises sought to be recovered as 56-25 56th Terrace, established that Towing Services is located at 56-09 56th Terrace, as set forth in the petition. A final judgment was entered awarding landlords possession.
Thereafter, in response to a postjudgment motion by landlords to compel the execution of the warrant, Towing Services cross-moved, pursuant to CPLR 5015 (a) (4), to vacate the final judgment and dismiss the petition on the grounds, among others, that "[t]he address listed in the Petition does not adequately describe the Premises to be recovered" and that there was no landlord-tenant relationship between the parties. For the first time, Towing Services submitted copies of two leases with its supporting papers, alleging that the first lease established a tenancy between landlords and Sanchez at 56-25 56th Terrace and that the second lease established a subtenancy between Sanchez and Towing Services at the same address. The cross motion was denied. Towing Services appeals from the final judgment and the order denying its postjudgment motion.
Sanchez subsequently moved for leave to intervene, contending that he is the "commercial tenant at the two parcels that constitute the premises at issue in this action," and that he was required to be served with the notice of termination and the notice of petition and petition. Sanchez appeals from an order denying his motion.
Towing Services' contentions that the Civil Court lacked subject matter jurisdiction because the description of the subject premises in the petition is "vague and ambiguous," and because there was no landlord-tenant relationship between the parties are without merit. The Civil Court has subject matter jurisdiction over summary proceedings (see CCA 204; RPAPL [*2]701; 433 W. Assoc. v Murdock, 276 AD2d 360 [2000]), and any alleged "misdescription" of the premises in the petition does not deprive the Civil Court of subject matter jurisdiction within the meaning of CPLR 5015 (a) (4) (see Lacks v Lacks, 41 NY2d 71, 74-77 [1976]; 17th Holding v Rivera, 195 Misc 2d 531, 533 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]; cf. Woodlaurel, Inc. v Wittman, 163 AD2d 383 [1990]; but cf. Clarke v Wallace Oil Co., 284 AD2d 492, 493 [2001]). Similarly, while proof of the existence of a landlord-tenant relationship is an element of a landlord's prima facie case in a holdover proceeding (see RPAPL 711 [1]), a claim that there is no landlord-tenant relationship between the parties does not implicate subject matter jurisdiction (see Lacks v Lacks, 41 NY2d 71, 74-77).
In any event, Towing Services' misdescription claim lacks merit. RPAPL 741 (3) requires that a petition describe the premises from which removal is sought. " [T]he petition must contain a proper description of the premises involved, so that they may be identified properly and with certainty. Clearly, if the warrant is to be executed properly, the premises must be described properly, and with certainty, so the officer executing the warrant will be enabled to locate the premises from such description' " (US Airways, Inc. v Everything Yogurt Brands, Inc., 18 Misc 3d 136[A], 2008 NY Slip Op 50279[U], *2 [App Term, 2d Dept, 2d & 11th Jud Dists 2008], quoting 3 Robert F. Dolan, Rasch's Landlord and Tenant——Summary Proceedings § 41:14 [4th ed 1998]). The photographs and testimony support the court's determination that the various tax lots functioned as a single, fenced property known as 56-09 56th Terrace. It is undisputed that Towing Services was evicted by the marshal from the premises described by the address 56-09 56th Terrace, Maspeth, New York, 11378, listed in the petition. Furthermore, despite Towing Services' contention that the premises include portions of two different tax lots, the map attached to the petition corroborates, in its salient details, the location and description of the subject premises. In addition, at trial, landlords made a prima facie showing of the existence of a landlord-tenant relationship and Towing Services made no claim that the leases that it submitted in support of its postjudgment motion constituted newly discovered evidence.
Intervention pursuant to CPLR 1012 or 1013 requires a timely motion (see CPLR 1012, 1013; Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108 [2016]; Matter of Rutherford Chems., LLC v Assessor of Town of Woodbury, 115 AD3d 960, 961 [2014]). Here, Sanchez signed and verified the answer interposed by Towing Services and did not cause Towing Services to assert as an affirmative defense that he was the tenant and that Towing Services was a subtenant. Moreover, Sanchez participated in the pretrial proceedings. These actions demonstrate that he was aware of the proceeding and could have moved to intervene in a timely fashion. After trial, Sanchez produced a purported written lease with one of the landlords for 56-25 56th Terrace, as well as a purported sublease with Towing Services for the same address, which, he claimed, was the premises sought to be recovered. These documents were not produced during discovery, as demanded, or at trial, and their authenticity is questionable. Sanchez could have appeared in his own behalf as a "John Doe" or could have testified or submitted documentation during trial of his participation in Towing Services. He chose not to do so. Sanchez's motion for leave to intervene in the proceeding was therefore untimely and was appropriately denied (see Wells Fargo Bank, N.A. v Mazzara, 124 AD3d 875, 876 [2015]; Rectory Realty Assoc. v Town of Southampton, 151 AD2d 737, 738 [1989]).
Accordingly, the final judgment and the order entered February 2, 2016, insofar as [*3]appealed from, and the order entered February 10, 2016 are affirmed. 
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017