Claudette Henry, Appellant,
against
Charles Kingsberry, Respondent. 




Claudette Henry, appellant pro se.
The Legal Aid Society (Patrick Langhenry, Clinton J. Guthrie and Janet Sabel of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Leslie A. Stroth, J.), dated January 15, 2017. The order, insofar as appealed from, granted the branch of tenant's motion seeking summary judgment dismissing the petition in a holdover summary proceeding.




ORDERED that the order, insofar as appealed from, is affirmed, without costs. 
Landlord commenced this holdover proceeding alleging that she had terminated tenant's lease after serving a 30-day notice and that the premises is not subject to rent stabilization because it is located in a four-family house. Tenant answered, asserting, among other things, that the premises is rent stabilized because the building had previously contained six units and was built before 1974. In opposition to a motion by tenant for, among other things, summary judgment dismissing the proceeding, landlord asserted, among other things, that the building had been substantially rehabilitated, and therefore the premises is not subject to rent regulation. Landlord did not dispute that the building had been built before 1974 and had previously contained six units, and, indeed, corroborated those facts. In an order dated January 15, 2017, insofar as appealed from, the Civil Court granted the branch of tenant's motion seeking summary judgment dismissing the petition. 
Housing accommodations in buildings built before January 1, 1974 containing more than six units on the date the building first became subject to regulation or at any subsequent time are, absent an exemption, subject to rent stabilization (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-504.1; Rent Stabilization Code [9 NYCRR] § 2520.11), even if there is a subsequent reduction in the number of units (see Beverly Holding NY, LLC v Blackwood, 63 Misc 3d 160[A], 2019 NY Slip Op 50877[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Rashid v Cancel, 9 Misc 3d 130[A], 2005 NY Slip Op 51585[U] [*2][App Term, 2d Dept, 2d & 11th Jud Dists 2005]). Here, landlord initially alleged that the premises was a four-family dwelling and then, in opposition to tenant's motion, attempted to assert a theory of deregulation, i.e., substantial rehabilitation.
Pursuant to RPAPL 741, a petition must contain a concise statement of the ultimate facts upon which the proceeding is based (see Giannini v Stuart, 6 AD2d 418 [1958]). Where a tenancy is subject to a specific form of regulation, the petition must set forth the tenant's regulatory status, because this status may determine the scope of the tenant's rights (see Matter of Volunteers of Am.-Greater NY, Inc. v Almonte, 17 Misc 3d 57 [App Term, 2d Dept, 2d & 11th Jud Dists 2007], affd 65 AD3d 1155 [2009]; see also Migliaccio v Childs, 65 Misc 3d 131[A], 2019 NY Slip Op 51575[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Brookwood Coram I, LLC v Oliva, 47 Misc 3d 140[A], 2015 NY Slip Op 50607[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Here, landlord's proposed theory of deregulation was entirely omitted from its petition. Even assuming that this fundamental defect was subject to correction, landlord failed to either submit any proof establishing a substantial rehabilitation (see Town of Putnam Val. v Sacramone, 16 AD3d 669 [2005]) or move to amend her petition, and the Civil Court was within its discretion to decline to amend the pleadings sua sponte (see Paikoff v Harris, 185 Misc 2d 372 [App Term, 2d Dept, 2d & 11th Jud Dists 1999]; cf. 17th Holding v Rivera, 195 Misc 2d 531 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]). Consequently, the Civil Court properly granted tenant's motion for summary judgment dismissing the petition.
In view of our determination, landlord's remaining contentions have been rendered academic. 
Accordingly, the order, insofar as appealed from, is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 31, 2020