## 1691 Fulton Ave. Assoc., L.P. v Washington

2024 NY Slip Op 30411(U)

February 7, 2024

Civil Court of the City of New York, Bronx County

Docket Number: Index No. 313351/21

Judge: Travis J. Arrindell

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

NEW YORK CITY CIVIL COURT
COUNTY OF BRONX:  HOUSING PART B
----------------------------------------------------------------X
1691 FULTON AVENUE ASSOCIATES, L.P.,

               Petitioner - Landlord,             **DECISION AND ORDER**

     v.

                                    L&T 313351/21

SHANELLE WASHINGTON, "JOHN DOE,"
and "JANE DOE,"

               Respondents (Occupants).


----------------------------------------------------------------X
Present:        HON. TRAVIS J. ARRINDELL
                Judge, Housing Court

Recitation, as required by CPLR §2219(A), of the papers considered in the review of Respondent's motion to amend and Petitioner's cross-motion to deem their service affidavit filed timely nunc pro tunc and use and occupancy:

Papers

Respondent's Motion (Numbered 14-20 on NYSCEF)........……................……..……...... 1

Petitioner's Cross motion and Opposition (Numbered 21-26 on NYSCEF)……................ 2

Respondent's Reply (Numbered 19 on NYSCEF)....……................................……............ 3

_____

TRAVIS J. ARRINDELL, J.:

     After review of the papers, Respondent's motion seeking to amend their answer is granted, and Petitioner's cross-motion seeking the affidavit of service timely filed, nunc pro tunc, and use and occupancy is denied.

### Respondent's Motion to Amend

     Pursuant to CPLR § 3025(b) "A party may amend [their] pleading …at any time by leave of court. Leave shall be freely given upon such terms as may be just…" The granting or denying of a motion to amend is a matter of judicial discretion.[1] "Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side."[2] Prejudice has been defined as a special right lost in the interim, a change of position, or significant trouble or expense that could have been avoided had the original pleading contained the proposed

_____

[1] Murray v. New York, 43 N.Y.2d 400.
[2] Siegal, Practice Commentaries, McKinney's Cons. Laws of New York, Book 7B, CPLR 3025:5 at 356.

[* 1]

amendment.[3] Courts should also "examine the sufficiency of the merits of the proposed amendment when considering such motions. [If] the proposed amendments are totally devoid of merit and are legally insufficient, leave to amend should be denied."[4] Furthermore, "it has been repeatedly held that defenses waived under CPLR § 3211 (e) can nevertheless be interposed, with court leave, in an amended answer, provided the amendment does not cause the plaintiff 'prejudice or surprise resulting directly from the delay.'"[5]

Petitioner fails to allege any facts in their opposition demonstrating any prejudice if the Court were to grant Respondent's amendment. Petitioner's opposition is devoid of any allegations demonstrating a special right lost, a change of position, or significant trouble or expense that could have been avoided. Furthermore, but for Respondent's jurisdictional defense, Petitioner is prepared to allow the amendment.[6] Petitioner argues that Respondent's jurisdictional defense lacks merit therefore their motion to amend must be denied. However, the opposite is true; Respondent's jurisdictional defense has merit.

Pursuant to RPAPL § 733 (1) "…the notice of petition and petition shall be served at least ten and not more than seventeen days before the time at which the petition is noticed to be heard." Furthermore, pursuant to RPAPL § 735 (2), service of the notice of petition and petition by conspicuous service is complete only upon filing proof of service. It is undisputed by the parties that the Notice of Petition and Petition was noticed to be heard on December 7, 2021. Additionally, it is undisputed that the Notice of Petition and Petition was served upon Respondent by conspicuous service on November 24, 2021. Finally, it also undisputed Petitioner completed service of the Notice of Petition and Petition by filing their service affidavit on November 29, 2021, eight days prior to the December 7, 2021 return date.[7] Since Petitioner short served the Notice of Petition and Petition pursuant to RPAPL § 733, Respondent's jurisdictional defense has merit and the Court in its discretion grants Respondent's motion to amend.

**Petitioner's Cross-motion to Deem the Affidavit of Service Timely Filed**.

In the alternative, though Petitioner admits that they short served the Notice of Petition and Petition pursuant to RPAPL § 733, they argue that Respondent suffered no prejudice by their late filing and that the Court should overlook the filing defect.[8] However, Petitioner's argument lacks merit. In <u>Riverside Syndicate, Inc. v. Saltzman</u>, 49 A.D.3d 402, 402, the Appellate Division First Department (Appellate Division) dismissed a summary proceeding because the landlord failed to complete service within the statutory time frame as required by RPAPL § 733. The Court in <u>Saltzman</u>, 49 A.D.3d 402, noted "a summary proceeding is a special proceeding 'governed entirely by statute . . . and it is well established that there must be **strict compliance**

---

[3] <u>Heller v. Louis Provenzano</u>, Inc., 303 A.D.2d 20.
[4] <u>Id.</u>, at 25.
[5] See <u>Armstrong v. Peat, Marwick, Mitchell & Co.</u>, 150 A.D.2d 189, 190 (citing <u>Fahey v County of Ontario</u>, 44 NY2d 934, 935).
[6] <u>See</u> Petitioner's <u>Affirmation in Support of Cross Motion and in Opposition to Respondent's Motion to Amend</u> (NYSCEF Doc. # 22), at ¶ 15.
[7] <u>See</u> NYSCEF Doc. # 7.
[8] <u>See</u> Petitioner's <u>Affirmation in Support of Cross Motion and in Opposition to Respondent's Motion to Amend</u> (NYSCEF Doc. # 22), at ¶ 11 (citing CPLR § 2001).

[* 2]

with the statutory requirements to give the court jurisdiction.'"[9] It is important to note, that the Appellate Division in Saltzman, 49 A.D.3d 402, overruled the lower court's, Appellate Term First Department, decision in this matter finding "In the absence of any discernible prejudice to tenants, landlord's one-day delay in filing proof of service of the petitions did not require dismissal of these otherwise properly commenced holdover proceedings."[10] The Appellate Division in its holding to "strict compliance" rejected the prejudice analysis followed by the lower court and other cases relied on by Petitioner such as Jamal Estates v. Crockwell, 113 Misc. 2d 548 (Appellate Term 1st Dept.,1982) (holding a landlord may seek nunc pro tunc relief from a late filing absence prejudice). Because Saltzman, 49 A.D.3d 402, requires strict compliance and rejects an analysis on prejudice, Petitioner's cross-motion seeking their service affidavit timely filed, nunc pro tunc, is denied.

## Petitioner's Cross-motion for Use and Occupancy

Petitioner's cross-motion for use and occupancy is denied. RPAPL § 745(2) states:

> 2.  In the City of New York:
> (a) In a summary proceeding upon the second of two adjournments granted solely at the request of the respondent, or, upon the sixtieth day after the first appearance of the parties in court less any days that the proceeding has been adjourned upon the request of the petitioner, **counting only days attributable to adjournment requests made solely at the request of the respondent** and not counting an initial adjournment requested by a respondent unrepresented by counsel for the purpose of securing counsel, whichever occurs sooner, the court may, upon consideration of the equities, direct that the respondent, upon a motion on notice made by the petitioner, deposit with the court sums of rent or use and occupancy….[11]

Petitioner commenced this matter on November 16, 2021.[12] The matter was initially scheduled to be heard on December 7, 2021.[13] Respondent filed an ERAP application on or before December 7, 2021, staying the instant proceeding until such time there was a final determination of their ERAP application.[14] On April 7, 2023, both parties agreed to restore the matter back to the court calendar, effectively vacating the ERAP stay, and additionally agreed to

---

[9] Citing Berkeley Assoc. Co. v Di Nolfi, 122 AD2d 703, 705, 505 NYS2d 630 [1986], lv dismissed 69 NY2d 804, 505 NE2d 951, 513 NYS2d 386 [1987]; MSG Pomp Corp. v Doe, 185 AD2d 798, 586 NYS2d 965 [1992]) (Emphasis added).

[10] See Riverside Syndicate, Inc. v. Saltzman, 15 Misc 3d 138(A) (Citations omitted).

[11] Emphasis Added.

[12] See NYSCEF Doc. # 1.

[13] See NYSCEF Doc. # 5.

[14] See Section 8 of subpart A of part BB of chapter 56 of the laws of 2021, as amended by Section 4 of part A of chapter 417 of the laws of 2021.

[* 3]

adjourn the matter to May 18, 2023.[15] On May 18, 2023, both parties again consented to adjourning the matter to August 14, 2023.[16] On July 14, 2023, Petitioner filed the instant cross-motion seeking use and occupancy.  Petitioner's cross-motion for use and occupancy is premature. First, the matter was stayed from the first court date December 7, 2021, to April 7, 2023.  Second, all adjournments, since the vacating of the stay, were requested on consent by both parties.[17] None of the adjournments were attributable to requests solely made by the Respondent as required by RPAPL § 745(2). Therefore, Petitioner's motion seeking use and occupancy is denied.

### Conclusion

Based on the foregoing, Respondent's motion to amend their answer is granted. Accordingly, Respondent's Amended Answer filed as NYSCEF Doc # 18 is deemed accepted nunc pro tunc. Petitioner's cross motion is denied in its entirety. This matter is scheduled to return to court on March 05, 2024, at 11:00 AM, for all purposes.

Dated:  February 7, 2024
   Bronx, New York

> APPROVED
> TARRINDE , 2/7/2024, 4:21:25 PM

         TRAVIS J. ARRINDELL
            JHC

---

[15] See NYSCEF Doc. # 12.
[16] See NYSCEF Doc. # 13.
[17] See NYSCEF Doc. # 12; See also NYSCEF Doc. # 13.