OPINION OF THE COURT
David B. Saxe, J.
The respondents have moved to dismiss the nonpayment petition in this rent strike involving approximately 800 tenants on the ground that the petitioner landlord, Delano Village, a Federally insured subsidized housing project is not a member in good standing of the Rent Stabilization Association (RSA). The petitioner contends that since this housing project has been the subject of a declaration of preemption by the United States Department of Housing and Urban Development (HUD), the entire field of local rent regulation has been preempted by the Federal Government and therefore the registration requirements of the Rent Stabilization Law (Administrative Code of City of New York, § YY51-1.0 et seq.) are no longer binding upon them. The respondents’ argument appears to be that only the regulation of rental levels are specifically preempted, and therefore all other aspects of the landlord-tenant relationship (including RSA affiliation) as required under local law, are extant.
*923 Delano Village, a seven building, 1,799 unit, middle income housing project located in Upper Manhattan, was constructed in the 1950’s under the auspices of HUD pursuant to section 220 of the National Housing Act (US Code, tit 12, § 1715k). Approximately 20% of the Delano Village tenants receive rent subsidies under HUD’s section 8 program (US Code, tit 42, § 14371).
In 1974, operating deficits caused the petitioners to default on their mortgage obligation to Bowery Savings Bank, which then made an assignment of the mortgage to HUD. Thereafter, HUD preempted Delano Village from the operation of the Rent Stabilization Law and authorized a rent increase necessary to meet operating expenses.
HUD and the petitioners during the years following this initial preemption negotiated a workout program providing for rent increases and an extensive property improvement program. In connection with this workout, HUD again preempted local rent controls. This preemption was undertaken pursuant to subpart C of its regulations (24 CFR part 403), by reason of the fact that more than 10% of the tenants of Delano Village received rent subsidies under the section 8 program.
The issue then is whether the preemption under subpart C is absolute. For if it is, then the petitioners are not obligated to maintain membership in RSA.
Since more than 10% of the units in Delano Village receive housing assistance payments under section 8 of the United States Housing Act of 1937, the project falls within the application of subpart C of the preemption regulations promulgated by HUD (24 CFR 403.20). In such projects, the preemption of local rent control is absolute. Section 403.21 provides: “[T]he Department concludes that it is in the national interest to preempt, and it does hereby preempt, the entire field of rent regulation by local rent control boards, (hereinafter referred to as board), or other authority, acting pursuant to state or local law as it affects projects covered by this subpart.”
The respondents contend however that application first be made to the local rent agency (which requires membership in RSA) before HUD can pass on a rent increase. However, it appears that the respondents are referring to *924 the procedures governing unsubsidized insured projects covered by subpart B of the regulations. Preemption only occurs in those projects when the project owner applies to HUD, stating that local rent control will not provide a rent level necessary to maintain and operate the project adequately. (24 CFR 403.6.) Subsidized projects, such as Delano Village, falling under subpart C are subject to the preemption of rent regulation in its entirety. (See 24 CFR 403.1 [b].)
The preemption of subsidized insured projects, pursuant to subpart C, has been held to be absolute. In City of Boston v Harris (619 F2d 87), the City of Boston challenged the HUD regulations which preempted all local rent-control laws as applied to Federally insured subsidized projects. With respect to subsidized projects, such as Delano Village, the preemption was held to be automatic and absolute. The court stated: “By virtue of the rent subsidy, direct mortgage loans, mortgage insurance, and interest subsidy programs, the federal government has a very direct interest in and involvement with the financial viability of the housing projects and, therefore, in their rental income. Federal regulation of rents accord the government a voice in securing the economic viability of federally subsidized insured housing. Thus, the Secretary’s preemptive regulation, in light of Congress’ delegation, is consistent with and advances the purposes of the [National Housing Act] and is therefore valid.” (619 F2d, at p 94.)
The City of Boston case (supra) reaches the conclusion that preemption is not only limited to rent levels. So do I. The regulations scrutinized by that court were held to preempt the entire field of rent regulation by local rent-control boards. It is only through such a broad preemption that the Federal Government can protect its interest in maintaining the viability of subsidized insured projects.
Accordingly, I hold that the Federal preemption of Delano Village is absolute and therefore the petitioners were not required to register with RSA. The respondents’ motion to dismiss is denied. The clerk is directed to place the cases on the nonpayment calendar for trial on April 30, 1984.