(October 19, 2000)

■ 433 WEST ASSOCIATES, Respondent, v CAROLYN MURDOCK, Appellant, et al., Respondents. [715 NYS2d 6] —Order of the Appellate Term of the Supreme Court, First Department (Parness, P. J., and Davis, J.; Freedman, J., dissenting), entered June 18, 1999, which affirmed an order of the Civil Court, New York County (Howard Malatzky, J.), entered on or about December 17, 1997, in a holdover proceeding, denying the tenant's motion to vacate the judgment of possession in favor of the landlord and to dismiss the petition, unanimously affirmed, without costs.

The holdover petition failed to plead that it and the predicate termination notice were served on the New York City Housing Authority, as required by Federal consent decree and regulation (*Williams v New York City Hous. Auth.*, 81 Civ 1801 [SD NY 1995]; 24 CFR 982.310 [e] [2] [ii]) in order to regain possession of a Federally subsidized, so-called "section 8" housing (42 USC § 1437f), and also failed to plead the tenancy's section 8 status, as required by RPAPL 741 (*see, Homestead Equities v Washington*, 176 Misc 2d 459, 462 [Civ Ct, Kings County]). While the foregoing requirements were "essential elements" to the landlord's prima facie case (*Jennie Realty Co. v Sandberg*, 125 Misc 2d 28, 29 [App Term, 1st Dept]), and, accordingly, noncompliance therewith constituted defenses to the holdover petition (*see, Homestead Equities v Washington, supra; cf., Chinatown Apts. v Chu Cho Lam*, 51 NY2d 786), such de-

fenses did not implicate the court's subject matter jurisdiction (*see generally, Jackson v New York City Hous. Auth.*, 88 Misc 2d 121 [App Term, 1st Dept]; *cf., 170 W. 85th St. Tenants Assn. v Cruz*, 173 AD2d 338), and therefore could be waived (*cf., Priel v Priel*, NYLJ, Mar. 5, 1993, at 25, col 3 [App Term, 1st Dept]; *Mehta v Karrow*, NYLJ, Apr. 8, 1993, at 23, col 4 [App Term, 1st Dept]; *2785 Ocean Parkway Assoc. v Stern*, NYLJ, Jan. 11, 1995, at 31, col 4 [Civ Ct, Kings County]). The competence of Civil Court to hear a holdover proceeding against a section 8 tenant is not derived from the *Williams* consent decree or Federal regulation but from CCA 110 (*Matter of Committed Community Assocs. v Croswell*, 250 AD2d 845).

The tenant twice waived these defenses based on the landlord's noncompliance with the Federal regulatory scheme, first in a stipulation that expressly recognized the landlord's prima facie case, and again when she did not appeal the judgment of possession. Even if an appellate court on an appeal from the judgment of possession would have entertained such defenses for the first time on appeal by reason of the prohibition against opting out in the *Williams* consent decree, it remains that the tenant did not take an appeal, and the resulting finality should not be disturbed absent the existence of grounds under CPLR 5015 (*see, 2785 Ocean Parkway Assoc. v Stern, supra*).

Similar considerations apply to the tenant's claim that the landlord accepted a section 8 subsidy for the apartment covering a period that fell between termination of the tenancy and commencement of the holdover proceeding. If such acceptance of rent during the so-called "window period" constituted a defense to the holdover proceeding (*see, Excelsior 57th Corp. v Howard*, NYLJ, Aug. 14, 1991, at 21, col 2 [App Term, 1st Dept]; *cf., 205 E. 78th St. Assocs. v Cassidy*, 192 AD2d 479, *revg on dissent in App Term, 1st Dept*, NYLJ, Sept 27, 1991, at 21, cols 4, 5), the defense did not implicate subject matter jurisdiction, and the tenant will not be heard to raise it after her time to appeal has expired and the judgment of possession in favor of the landlord has otherwise become final (*see, Lewis Assocs. v Beer Barrel Distribs.*, NYLJ, Feb. 26, 1993, at 31, col 1 [Civ Ct, Queens County]). Concur—Williams, J. P., Tom, Lerner, Andrias and Friedman, JJ.