■ 167-169 ALLEN STREET H.D.F.C., Respondent, v CELIA EBANKS, Respondent, and ADRIANNE VASQUEZ, Appellant. [802 NYS2d 650]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered April 22, 2004, modifying an order of the Civil Court, New York County (Jean T. Schneider, J.), entered on or about January 31, 2002, to grant 167-169 Allen Street H.D.F.C.'s motion for summary judgment on its holdover petition, unanimously affirmed, without costs.

The terms of respondent Ebanks' proprietary lease required that the premises be used as her primary residence. Nonetheless, by her own admission, she permanently vacated the apartment in 1998. She did so leaving her daughter, and her daughter's family, in occupancy of the premises, without seeking the assignment of her shares, or approval to sublet the apartment.

The language of the proprietary lease clearly requires that a certain procedure be followed to accomplish an assignment. The uncontroverted evidence establishes that this procedure was not followed. As such, respondent was in default of her obligations, pursuant to paragraph 7.01 of the proprietary lease.

The opposition to such a finding consists of bare, conclusory allegations that respondent was promised her daughter would be named a coshareholder when she reached the age of 18, and the former superintendent's vague statement that he was instructed to inform prospective tenants that purchasing shares would enable them to "leave their apartments to their children." Aside from the complete lack of any factual background for these statements, the statements are not contrary to the agreement of the parties as set forth in the proprietary lease. Accordingly, there is no basis for the claim of estoppel (cf. *River Seafoods, Inc. v JPMorgan Chase Bank*, 19 AD3d 120 [2005]).

The proprietary lease specifically contemplated the assignment or transfer of shares to a shareholder's family. It set forth a procedure for accomplishing such a transfer, and specified that an owner may not "unreasonably withhold" consent to an assignment of the lease or a transfer of the shares to a "financially responsible member of the shareholder's family who shall have accepted all of the terms and conditions of this

lease." Although the lease provides a means for achieving the desired end, and a basis for this Court to fashion a remedy upon an "unreasonable" denial of a request for an assignment, appellant seeks to sidestep the contractually prescribed procedural requirements.

Appellant's argument that a result contrary to that reached by Appellate Term should issue pursuant to *512 E. 11th St. HDFC v Grimmet* (181 AD2d 488 [1992], *appeal dismissed* 80 NY2d 892 [1992]) is similarly unavailing. In distinction to the deficient notice provided the tenant in *512 E. 11th St.*, respondent Ebanks was served with a notice to cure detailing the conduct alleged to be in violation of the lease, and quoting the specific lease provisions pertaining to each violation alleged. Further, she was provided an opportunity to be heard with regard to same, satisfying procedural due process requirements (*see Matter of Velella v New York City Local Conditional Release Commn.*, 13 AD3d 201, 202 [2004], *lv denied* 4 NY3d 702 [2005]).

We have considered appellant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Marlow and Nardelli, JJ. [*See* 3 Misc 3d 127(A), 2004 NY Slip Op 50342(U) (2004).]