OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is affirmed, without costs.
Landlord commenced this holdover summary proceeding alleging that tenants had failed to recertify their income, thereby violating a provision in the low income rider to the lease. Tenant Etwin Sealy failed to appear, and a default final judgment was entered against her. Tenant Marquita Durant (appellant), Sealy’s daughter, appeared, and admitted at trial that she had purposely refused to submit her income recertification forms to landlord because she had intended to thwart landlord’s ability to obtain a tax credit for her unit after landlord had failed to make necessary repairs. Following the nonjury trial, the Civil Court awarded landlord a final judgment of possession and arrears of $3,656, but stayed issuance of the warrant of eviction for 10 days so that appellant and her mother could complete their 2007, 2008 and 2009 recertifications.
In order to receive a low income housing tax credit (LIHTC) pursuant to section 42 of the Internal Revenue Code of 1986 (26 USC), landlords are “required to keep records for each building with respect to which LIHTC has been allocated or allowed that show for each year . . . (v) [t]he annual income certification and recertification of each tenant . . . [and] (vi) [documentation to support the income certification and recertification made by each tenant” (21 NYCRR 2188.7 [e] [1] [v], [vi]). This documentation may include “a copy of the tenant’s federal income tax return, Forms W-2, or verifications of income from third parties such as employers or state agencies paying unemployment compensation” (21 NYCRR 2188.7 [e] [1] [vi]). A landlord may terminate the tenancy of a rent-stabilized tenant who does not submit adequate income recertifications ()see Pinnacle Bronx W., LLC v Jennings, 29 Misc 3d 61, 62-63 [App Term, 1st Dept 2010]; cf. New York City Hous. Auth. v McClinton, 184 Misc 2d 818 [App Term, 1st Dept 2000]).
In this case, appellant admitted that she had purposely refused to submit her income recertification forms to landlord. *54 Thus, appellant violated a “substantial obligation” of her tenancy, which she “failed to cure . . . after written notice by the owner that the violations cease within 10 days” (9 NYCRR 2524.3 [a]), when she refused to recertify her income, thereby jeopardizing landlord’s tax credit status (see 21 NYCRR 2188.7 [k]).
Accordingly, the final judgment is affirmed.
Steinhardt, J.E, Golia and Rios, JJ., concur.