■ In the Matter of 322 WEST 47TH STREET HDFC, Respondent, v MARGIE LOO, Appellant, et al., Respondent. [61 NYS3d 204]—

Order of the Appellate Term of the Supreme Court, First Department, entered on or about February 25, 2016, which affirmed a final judgment of the Civil Court, New York County (Arlene H. Hahn, J.), entered on or about July 30, 2015, which, after a nonjury trial, awarded possession of respondent tenant's apartment to petitioner landlord in this summary holdover proceeding, unanimously affirmed, without costs.

We decline to reach in the interest of justice tenant's unpreserved argument, raised for the first time in reply papers, that she was not served with a pretermination notice that is required where, as here, the catch-all "good cause" ground is cited by the landlord as the basis to terminate her tenancy (*see generally* 24 CFR 247.3). Were we to entertain the argument, we would find it unavailing as the purpose of such notice is to provide tenant with advance notice of his or her alleged conduct that would be grounds for termination pursuant to 24 CFR 247.3 (a) (4). Here, tenant admitted that she had been fully

aware that her nonpurchase of apartment 5R's shares upon the building's conversion to a subsidized low income cooperative housing project, pursuant to an eviction offering plan, could subject her to eviction. Moreover, tenant's failure to raise the notice issue constituted a waiver of such claim and does not implicate the court's subject matter jurisdiction (*see generally 433 W. Assoc. v Murdock*, 276 AD2d 360 [1st Dept 2000]).

Tenant's claim of an alleged inability to purchase the shares to her apartment upon the building's conversion is also unpreserved, and we decline to reach it in the interest of justice.

Tenant's argument that landlord's issuance to her of successive rent-stabilized leases following the building's cooperative conversion constituted a waiver of landlord's rights under the eviction offering plan, or otherwise afforded a basis to estop landlord from evicting pursuant to the terms of the eviction offering plan, is unavailing. A nonprofit cooperative corporation organized under article XI of the Private Housing Finance Law, as here, is statutorily exempt from rent stabilization (*see 546 W. 156th St. HDFC v Smalls*, 43 AD3d 7, 11 [1st Dept 2007]; *Matter of Georgetown Unsold Shares, LLC v Ledet*, 130 AD3d 99, 103-106 [2d Dept 2015], *appeal dismissed* 26 NY3d 1141 [2016]). As stated by this Court in *Smalls*, "That the parties [associated with a Housing Development Fund Corporation (HDFC)] may have treated the premises as subject to rent stabilization does not defeat the statutory exclusion from regulation. 'Such an exemption is not subject to waiver or equitable estoppel' " (43 AD3d at 11, quoting *512 E. 11th St. HDFC v Grimmet*, 181 AD2d 488, 489 [1st Dept 1992], *appeal dismissed* 80 NY2d 892 [1992]). Here, notwithstanding the passage of 20 years since the instant HDFC's conversion, its statutory existence and management terms as to tenant's apartment remained unchanged, and may not be waived.

We find no basis to estop landlord from now evicting tenant simply because it could have done so nearly 20 years ago, pursuant to the terms of the eviction offering plan. Landlord's challenged actions were not entirely inconsistent with the terms of its eviction offering plan. As previously noted, landlord is exempt from the rent stabilization laws. Further, the parties themselves cannot simply agree to opt into or out of rent stabilization (*see generally Smalls*, 43 AD3d at 14). Tenant's rights to a rent-stabilized lease expired, when her first postconversion lease ended (General Business Law § 352-eeee [2] [d] [ii]).

Finally, tenant's argument that the traverse hearing court

erred in sustaining service of the termination notice upon her because "reasonable application" to effect such service was not established (RPAPL 735 [1]), is unavailing. The credited evidence at the traverse hearing established that the process server attempted to serve tenant at her residential building both during reasonable business hours and nonbusiness hours, on two separate days that she was admittedly likely to be at home; however, since the process server could get no closer to tenant's apartment than the building's front door, after repeatedly ringing the doorbell to her apartment, he affixed the notice of termination conspicuously to the building's front door and subsequently complied with the attendant mailing requirement (*see generally F.I. duPont, Glore Forgan & Co. v Chen*, 41 NY2d 794 [1977]; *cf. Eight Assoc. v Hynes*, 102 AD2d 746 [1st Dept 1984], *affd* 65 NY2d 739 [1985]). Concur—Friedman, J.P., Webber, Gesmer and Kern, JJ.