Allan H. Goldman, Jane H. Goldman and Louisa Little as Executors of the Estate of Sol Goldman, Allan Goldman, Jane H. Goldman, Amy P. Goldman and Diane Goldman Kemper as Executors of the Estate of Lillian Goldman, Jane H. Goldman, Allan H. Goldman and Louisa Little as Co-Trustees of the Lillian Goldman Marital Trust under the Will of Sol Goldman c/o Third & Fulton Associates, Petitioners-Landlords-Respondents, 
against
John Flynn, Respondent-Tenant-Appellant, -and- Xiuwen Sheng a/k/a Monica Sheng, Respondent-Undertenant-Appellant, -and- "John Doe," Respondent-Undertenant.



Tenant and undertenant Xiuwen Sheng a/k/a Monica Sheng appeal from a final judgment of the Civil Court of the City of New York, New York County (Laurie L. Lau, J.), entered August 10, 2016, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding.




Per Curiam.
Final judgment (Laurie L. Lau, J.), entered August 10, 2016, affirmed, with $25 costs.
There is ample record evidence to sustain the trial court's detailed factual findings that [*2]tenant committed a nuisance by engaging, over a period of years, in a pattern of objectionable behavior at the building premises (see New York City Rent and Eviction Regulations [9 NYCRR] § 2204.2[a][2]; Domen Holding Co. v Aranovich, 1 NY3d 117 [2003]), including repeated instances of verbally abusing and threatening one of his neighbors, and physically assaulting a postal worker. Based upon the evidence, including a surveillance video, the trial court was warranted in finding that tenant's conduct "repeatedly compromised the safety and interfered with other tenants' use and enjoyment of the building" (see Frank v Park Summit Realty Corp., 175 AD2d 33, 35—36 [1991], mod on other grounds 79 NY2d 789 [1991]).
Appellants' claim, raised for the first time on appeal, that the appointment of a guardian ad litem was necessary during the proceedings, is unavailing (see Mills v Mills, 111 AD3d 1306 [2013], lv dismissed 22 NY3d 1167 [2014]; Matter of Dominique M., 62 AD3d 503 [2009]). There is no indication that tenant did not understand the nature of the proceedings or was "incapable of adequately prosecuting or defending his rights" (CPLR 1201; see Matter of Dominique M., supra). Appellants' claim that landlord failed to timely comply with the requirements of 9 NYCRR 2204.3 is similarly presented for the first time on appeal to this Court, and we decline to reach it (see 433 W. Assoc. v Murdock, 276 AD2d 360 [2000]; see also Matter of 322 W 47th St. HDFC v Loo, __ AD3d __, 2017 NY Slip Op 06403 [1st Dept, 2017]).
Appellants' remaining arguments, to the extent preserved, have been considered and rejected.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 11, 2017