Diego B. Aguilera and Luz M. Cardona, Petitioners-Respondents, -
against
Rafael Perez, Respondent-Appellant, -and- "John Doe" and "Jane Doe," Respondents.



Respondent Rafael Perez appeals from a final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.) entered July 11, 2016, after a nonjury trial, which awarded possession to petitioners in a holdover summary proceeding.




Per Curiam.
Final judgment (Jean T. Schneider, J.), entered July 11, 2016, affirmed, with $25 costs.
Exercising our authority to review the record developed at the traverse hearing and render the judgment warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492 [1983]), we find that petitioners met their burden of demonstrating that service of the underlying notice of termination was made in compliance with the "reasonable application" requirements of RPAPL § 735(1). The process server's testimony and log books established that the notice was affixed to appellant's apartment door after a first attempt during nonbusiness hours (see generally Eight Assoc. v Hynes, 102 AD2d 746 [1984], affd 65 NY2d 739 [1985]), and this evidence was corroborated by the testimony and photographs of the president of the HDFC (see Citibank, N.A. v K.L.P. Sportswear, Inc., 144 AD3d 475, 476 [2016]).
Appellant's contention that he was not served with a pretermination good cause notice (see generally 24 CFR 247.3) is improperly raised for the first time on appeal, and, in any event, is unavailing (see Matter of 322 W. 47th St. HDFC v Loo, 153 AD3d 1143 [2017]; see also 433 W. Assoc. v Murdock, 276 AD2d 360 [2000]). We have considered appellant's remaining arguments and also find them to be unavailing (see Matter of 322 W. 47th St. HDFC v Loo, supra).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 29, 2017