Robert Jacoby, Respondent, 
against
Juan Cabrera and Rosa Cabrera, Appellants.




Charles J. Brennen, for appellants.
Timothy J. Curtiss, P.C. (Timothy J. Curtiss of counsel), for respondent.

Appeal from an order of the Justice Court of the Town of Yorktown, Westchester County (Salvatore A. Lagonia, J.), dated May 2, 2016. The order denied tenants' motion to vacate a final judgment of that court entered February 5, 2013 awarding landlord possession and the sum of $23,532.10 in a holdover summary proceeding.




ORDERED that the order is reversed, without costs, and tenants' motion to vacate the final judgment entered February 5, 2013 is granted to the extent of striking the monetary award in the sum of $23,532.10 and substituting therefor a monetary award in the sum of $5,760.60.
In this summary proceeding, the petition alleges that the proceeding is both a nonpayment and a holdover proceeding, and seeks $4,200, at $2,100 per month, for the use and occupancy accruing after the November 30, 2012 expiration of the lease, $14,100 in late fees due pursuant to the lease, and $900 in utility charges, for a total of $19,200. An attachment to the petition indicates that all the rent during the term had been paid. A copy of the lease attached to the petition includes a provision that if rent is not paid in full by the 10th day of the month, tenants will pay a late fee of $400, plus $25 for each additional day that the rent remains unpaid, up to a total of $900 per month. The lease also provides that tenants will pay for all utilities and the recovery of landlord's legal fees in any proceeding to enforce the agreement. However, the lease does not deem these charges additional rent.
Following a nonjury trial in February 2013, a final judgment was entered awarding landlord possession and the sum of $23,523.10, representing the $19,200 sought in the petition, [*2]$1,200 for use and occupancy for part of February 2013, $2,762 in legal fees, and the remainder for costs and disbursements. Tenants' subsequent motion in March 2016 to vacate the final judgment on the grounds, among others, that landlord's rent demand was defective, that the late fees assessed were an unenforceable penalty, and that the captioning of the proceeding as both a holdover and nonpayment was confusing, was denied by the Justice Court. Tenants appeal from the order denying their motion.
The issues that tenants sought to raise in their motion regarding the rent demand and the captioning of the proceeding are not jurisdictional and, thus, were waived by tenants' failure to raise these issues prior to or at trial, and, in any event, by tenants' failure to take a direct appeal from the final judgment (see 433 W. Assoc. v Murdock, 276 AD2d 360[2000]; see also 322 W. 47th St. HDFC v Loo, 153 AD3d 1143 [2017]). Consequently, they provide no basis for vacating the final judgment pursuant to CPLR 5015.
However, since the lease does not deem late fees, utility charges and attorney's fees to be additional rent, the Justice Court lacked subject matter jurisdiction to entertain landlord's claims for these charges (see 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 534 [2014]; Matter of Bedford Gardens Co. v Silberstein, 269 AD2d 445 [2000]; Green v Weslowski, 53 Misc 3d 144[A], 2016 NY Slip Op 51568[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; Inland Diversified Real Estate Serv., LLC v Keiko NY, Inc.,51 Misc 3d 139[A], 2016 NY Slip Op 50613[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; Hines v Ambrose, 26 Misc 3d 144[A], 2010 NY Slip Op 50442[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Thus, tenants showed a basis pursuant to CPLR 5015 (a) (4) to vacate the monetary award, since the charges for late fees, attorney's fees, and utilities could not be awarded in the proceeding.
We incidentally note that even if the late fees at issue had been deemed "additional rent" in the lease, a late monthly charge amounting to up to 43% of the monthly rent is excessive and grossly disproportionate to any damages that could be sustained as a result of tenants' failure to pay rent on time, and may not be enforced (see Diversified Equities, LLC v Russell, 50 Misc 3d 140[A], 2016 NY Slip Op 50177[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Park Haven, LLC v Robinson, 49 Misc 3d 129[A], 2014 NY Slip Op 51540[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
Accordingly, the order is reversed and tenants' motion to vacate the final judgment entered February 5, 2013 is granted to the extent of striking the monetary award in the sum of $23,532.10 and substituting therefor a monetary award in the sum of $5,760.60.
RUDERMAN, J.P., TOLBERT and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 05, 2018