2013 Amsterdam Avenue Housing Association, L.P., Petitioner-Landlord-Respondent, 
against
Darren King, Respondent-Tenant-Appellant.



Tenant appeals from a final judgment of the Civil Court of the City of New York, New York County (Laurie L. Lau, J.), entered December 20, 2017, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding.




Per Curiam.
Final judgment (Laurie L. Lau, J.) entered December 20, 2017, reversed, without costs, and final judgment directed in favor of tenant dismissing the petition.
The notice of termination underlying this holdover proceeding alleged that tenant breached the Section 8 lease agreement by engaging in a pattern of conduct that adversely affects the health and safety of other building residents, including causing recurrent instances of flooding into the units below, and refusing to allow landlord access to effect repairs. The notice further alleged that
"...during the ten (10) calendar days following the date this Notice was hand delivered or the day after this Notice was mailed, whichever is earlier, you may request of the Landlord to discuss the proposed termination of your tenancy, and upon your request, the landlord may agree to discuss this with you." (emphasis added)
Significantly, the notice did not inform tenant, who is a paraplegic, wheelchair-bound, double-amputee who requires a colostomy bag, that he could request a reasonable accommodation to participate in the hearing process.
The HUD Handbook and the governing Section 8 lease agreement set forth the requirements for the termination of a tenancy. Among other requirements, Sections 8-13(B)(2)(c)(4) and 8-13(B)(2)(c)(5) of the Handbook specify that the Notice of Termination must advise tenant that "he/she has 10 days within which to discuss termination of tenancy with the owner" and that "persons with disabilities have the right to request reasonable accommodations to participate in the hearing process." Paragraphs 17(b) and 23(e) of the HUD lease specify that [*2]if tenant requests a meeting to discuss the proposed termination, the landlord "agrees" to meet with the tenant. In other words, the landlord must agree to meet with tenant.
The Notice served by landlord did not comply with the above-mentioned HUD requirements, since it incorrectly informed tenant that landlord "may" meet with him to discuss the proposed termination when, in fact, landlord was required to participate in any requested pretermination meeting. Furthermore, the notice failed to inform the severely disabled tenant that he could request a reasonable accommodation. In such form, the notice was not reasonable in view of the attendant circumstances (see generally Oxford Towers Co., LLC v Leites, 41 AD3d 144 [2007]), since the combined defects eviscerated the procedural safeguards intended to prevent improper termination of a Section 8 tenancy (see Matter of Henry Phipps Plaza S. Assoc. v Quijano, 137 AD3d 602 [2016], revg for reasons stated in dissenting op of Schoenfeld, J., 45 Misc 3d 12 [App Term, 1st Dept 2014]). Thus the notice was insufficient to serve as a predicate for this eviction proceeding.
Contrary to landlord's claim, tenant's objection to the sufficiency of the notice was timely raised and was not waived (cf. 433 W. Assoc. v Murdock, 276 AD2d 360 [2000]).
We note, also, that in view of tenant's disabilities and the serious conduct at issue, that the parties should explore reasonable accommodations that will enable tenant to fulfill his lease obligations and avoid eviction, i.e., ongoing supportive services and suitable monitoring (see Matter of Prospect Union Assoc. v DeJesus, 167 AD3d 540 [2018]). This may even include, if warranted, the commencement of a proceeding by an appropriate party for the appointment of a Mental Hygiene Law article 81 guardian. 
In view of our disposition, we reach no other issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 22, 2019