952 St. Marks Avenue HDFC, Respondent,
against
Robert White, Appellant, Trina White, Sandra White, "John Doe" and "Jane Doe", Undertenants. 




The Legal Aid Society (Diana Vaynshenkern and John Bryant of counsel), for appellant.
Sperber, Denenberg & Kahan, P.C. (Seth Denenberg and Jacqueline Handel-Harbour of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Cheryl J. Gonzales, J.), entered January 3, 2018. The final judgment, after a nonjury trial, awarded landlord possession in a holdover summary proceeding.




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
In this holdover proceeding, landlord, a housing development fund corporation (HDFC), alleges that tenant's month-to-month tenancy was not subject to any form of regulation and was terminated pursuant to a 30-day notice. No reason for the termination of the month-to-month tenancy was given in the termination notice or the petition, and, apart from in the caption, landlord made no mention in the petition of its status as an HDFC. Prior to trial, a guardian ad litem (GAL), who was not an attorney, was appointed to represent the interests of the tenant, who was elderly and suffered from, among other things, mobility issues. At the nonjury trial, tenant did not appear, and the court did not afford tenant's GAL an opportunity to explore the cause issue; instead, the court repeatedly instructed the nonattorney GAL that landlord did not need to prove a reason for the eviction, and landlord established no reason for the eviction. Following [*2]the trial, the court awarded landlord a final judgment of possession. 
By statute, all HDFCs must be subject to regulatory agreements with government agencies (here, the Department of Housing Preservation and Development), all HDFCs are limited to providing housing to people of low income, all have maximum rentals set by the supervising agency, and all contain restrictions on the use and sale of the property (see Private Housing Finance Law § 576). In numerous cases, HDFCs have been held to be entwined with the government and, as such, required to set forth in the notice of termination, and to plead and prove, good cause for the eviction of a tenant (see e.g. 167-169 Allen St. H.D.F.C. v Ebanks, 22 AD3d 374 [2005]; 512 E. 11th St. HDFC v Grimmet, 181 AD2d 488, 489 [1992]; 206 W. 121st St. HDFC v Jones, 53 Misc 3d 149[A], 2016 NY Slip Op 51668[U] [App Term, 1st Dept 2016]; 207-211 W. 144th St. HDFC v Sprull, 29 Misc 3d 142[A], 2010 NY Slip Op 52196[U] [App Term, 1st Dept. 2010]; 330 S. Third St., HDFC v Bitar, 28 Misc 3d 51 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; 80 St. Nicholas Ave. HDFC v Lewis, 24 Misc 3d 134[A], 2009 NY Slip Op 51473[U] [App Term, 1st Dept 2009]). Here, in order to determine this appeal, we need not ultimately decide whether all HDFCs are so entwined based on the statutory requirements (see 207-211 W. 144th St. HDFC v Sprull, 29 Misc 3d 142[A], 2010 NY Slip Op 52196[U]; 1103 Franklin Ave. HDFC v Gould, 63 Misc 3d 1235[A], 2019 NY Slip Op 50894[U] [Civ Ct, Bronx County 2019]) since, even if landlord is not so entwined, it was, in view of the extensive case law on the issue, at the very least incumbent upon landlord to set forth in the petition the facts surrounding its status as an HDFC so that the court and tenant would be on notice of whether landlord needed to have complied with the good cause requirements (see RPAPL 741; Matter of Volunteers of Am.-Greater NY, Inc. v Almonte, 65 AD3d 1155 [2009], affg 17 Misc 3d 57 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). Contrary to the view of the dissenting justice, under the requirements of RPAPL 741 that a petition state the interest of the parties and the facts on which the proceeding is based, the onus was upon landlord to set forth, in the petition, the relevant facts regarding its status as an HDFC. Here, landlord failed to allege good cause for the eviction or set forth why it did not need to demonstrate good cause, yet the Civil Court, without any basis therefor in the record, ruled that good cause was not an issue in this case. Based on the court's foreclosure of an opportunity to tenant's GAL to examine the cause issue, it cannot be said, as the dissent would have it, that tenant waived the objection (cf. Matter of Volunteers of Am.-Greater NY, Inc. v Almonte, 65 AD3d at 1157). Under these circumstances, we find that the petition was defective, requiring dismissal.
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
PESCE, P.J., and ELLIOT, J., concur.
WESTON, J., dissents and votes to affirm the final judgment in the following memorandum:
Tenant argues, for the first time on appeal, that, as an HDFC, landlord was required to [*3]allege good cause for tenant's eviction both in its petition and termination notice. In my opinion, the record fails to establish sufficient government participation in this HDFC to impose such a requirement. Moreover, tenant waived this challenge by not raising it below. Accordingly, I respectfully dissent and vote to affirm.
To require an HDFC to allege good cause for an eviction, a court must determine whether the government is "sufficiently entwined" with the HDFC "so as to trigger constitutional due process protections" (512 E. 11th St. HDFC v Grimmet, 181 AD2d 488, 489 [1992] [internal quotation marks omitted]). A landlord's status as an HDFC alone is insufficient to establish such a relationship. Rather, there must be proof in the record showing that the HDFC acted with the government to provide housing for the poor. For instance, in 512 E. 11th St. HDFC v Grimmet, the Court noted a "sufficiently entwined" relationship where the landlord's certificate of incorporation identified its purpose as exclusively developing a housing project for low income people, contained restrictions on the use and sale of the housing project, and required the city's approval prior to evicting a tenant. Similarly, in 330 S. Third St., HDFC v Bitar (28 Misc 3d 51 [2010]), this court found "extensive entwinement" between the City of New York and the landlord, where (1) the City had conveyed the building to the landlord by a deed which contained restrictions on the sale or transfer of the deed without approval from the Department of Housing Preservation and Development (HPD), as well as a covenant requiring that the premises be used solely as a housing project for low income people, (2) the City retained a security interest in the property for 25 years, and (3) landlord's certificate of incorporation indicated, among other things, that the corporation could not be dissolved without HPD's consent. 
Here, in contrast, the record is lacking as to whether this particular landlord's management of the building was so closely entwined with New York City that due process required it to provide tenant with a reason for termination. Nothing in the record of the proceedings indicates what relationship this landlord had with the City. Although tenant maintains there was significant entwinement between landlord and the City based on the deed, which was admitted into evidence, the court file does not contain the deed, nor does it contain any other proof that would support such a relationship. Without a proper record, I cannot conclude that landlord's status as an HDFC triggered the requirement that it provide tenant a reason for the termination (see Whyte v Destra, 298 AD2d 384 [2002]). 
The absence of a proper record in this case is due to tenant's failure to develop it in support of the arguments now raised. For the first time on appeal, tenant argues that landlord, as an HDFC, was required to allege a reason for terminating the tenancy in its petition and notice of termination. Such a defect, in my opinion, is not only unpreserved, but waived. A "tenant's failure to raise the notice issue constitute[s] a waiver of such claim and does not implicate the court's subject matter jurisdiction" (Matter of 322 W. 47th St. HDFC v Loo, 153 AD3d 1143, 1144 [2017] [declining to reach the tenant's argument, raised for the first time in her reply papers, "that she was not served with a pretermination notice that is required where * * * the catch-all 'good cause' ground is cited by the landlord as the basis to terminate her tenancy"]). Here, by not raising the issue in his answer or at any time during trial, tenant waived his challenge to the [*4]sufficiency of the notice of termination, as well as the petition (see 433 W. Assoc. v Murdock, 276 AD2d 360 [2000]; Cool NYC Apts. LLC v Witter, 61 Misc 3d 133[A], 2018 NY Slip Op 51485[U] [App Term, 1st Dept 2018]). Moreover, tenant was aware of the reason for the termination. At trial, tenant's guardian ad litem acknowledged that there were allegations of numerous people living with tenant and that "[t]his is the basis * * * I believe, [for] not renewing the lease." On this record, tenant's failure to raise the lack of notice waived the issue, and I see no reason to review it on appeal (see Matter of 322 W. 47th Street HDFC v Loo, 153 AD3d at 1143-1144). 
Nor do I see any reason to review tenant's belated claim that landlord was required to allege additional facts in the petition concerning its status as an HDFC. The petition accurately identifies landlord's status as an HDFC in the caption, and tenant never challenged the petition on this basis below (cf. Matter of Volunteers of Am.—Greater NY, Inc. v Almonte, 65 AD3d 1155, 1157 [2009] [reviewing the tenant's challenge to a holdover petition, where the tenant's attorney objected to the sufficiency of the petition at trial]). Thus, any objection to the sufficiency of the petition is waived on appeal (see 433 W. Assoc. v Murdock, 276 AD2d at 360-361).
Accordingly, I vote to affirm.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019