5th & 106th St. Assoc., L.P. v Hunt (2020 NY Slip Op 20286)

5th & 106th St. Assoc., L.P. v Hunt

2020 NY Slip Op 20286 [69 Misc 3d 19]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, January 6, 2021

[*1]

5th and 106th Street Associates, L.P., Respondent,
v
Martha Hunt, Appellant, et al., Respondents.

Supreme Court, Appellate Term, First Department, November 2, 2020

5th & 106th St. Assoc., L.P. v Hunt, 2019 NY Slip Op 34058(U), affirmed.

APPEARANCES OF COUNSEL

Martha Hunt, appellant pro se.
Rose & Rose, New York City (Maureen Neff of counsel), for respondent.

{**69 Misc 3d at 20} OPINION OF THE COURT

Per Curiam.

Appeal from an order (Frances A. Ortiz, J.), entered September 11, 2019 (2019 NY Slip Op 34058[U] [2019]), deemed an appeal from the final judgment (same court and Judge), entered on the same date, and so considered (see CPLR 5520 [c]), final judgment affirmed, without costs.
Summary judgment of possession was properly awarded to landlord on its holdover petition. The evidentiary proof submitted by landlord conclusively established that tenant was in "material noncompliance" with paragraph 38 (d) (3) of her lease because she persistently refused to supply the "information on the income and composition, or eligibility factors" of her household, as required by the Project-Based Section 8 program (see DD 11th Ave., LLC v Sans, 63 Misc 3d 158[A], 2019 NY Slip Op 50860[U] [App Term, 1st Dept 2019]; 501 W. 41st St. Assoc. v Annunziata, 41 Misc 3d 138[A], 2013 NY Slip Op 51922[U] [App Term, 1st Dept 2013]; 2 Macon St. Assoc., L.P. v Sealy, 32 Misc 3d 52 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
In opposition, tenant failed to raise any triable issues of fact. Tenant's contention that she is a rent-stabilized tenant and, therefore, cannot be evicted for noncompliance with income and [*2]household certification requirements was properly rejected by Civil Court.
Although section 4 (B) (1) of the landlord's regulatory agreement with New York City's Department of Housing Preservation and Development required it to register each unit in the premises in accordance with the Rent Stabilization Code, section 4 (F) expressly provides that the U.S. Department of Housing and Urban Development (HUD)
{**69 Misc 3d at 21}
"has preempted the entire field of rent regulation . . . as it affects the Project under 24 C.F.R. § 246.20 and that, for so long as the [Housing Assistance Payments] HAP Contract shall be in effect, the dwelling units covered by the HAP Contract shall be exempt from the Rent Stabilization Code [under 9 NYCRR 2520.11 (t)]" (emphasis added).
Where, as here, the property is subject to a mortgage insured or held by HUD and the landlord receives Section 8 housing assistance for the apartment, the regulations provide that HUD has preempted "the entire field of rent regulation by local rent control boards" in order to "minimize defaults by the mortgagor" in its financial obligations with regard to its projects (24 CFR 246.21; see Matter of Mott v New York State Div. of Hous. & Community Renewal, 211 AD2d 147, 152 [1995], appeal dismissed 86 NY2d 836 [1995]; accord 435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 164 AD3d 411, 412 [2018] ["As long as the building was subject to the HUD mortgage, the Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY § 26-501 et seq.) was expressly preempted, pursuant to HUD regulations (see 24 CFR 246.21)"]; Axelrod v Various Tenants of Delano Vil., 123 Misc 2d 922, 924 [Civ Ct, NY County 1984, Saxe, J.] [HUD federal preemption to subsidized insured housing project held to be "automatic and absolute"]).
In short, although the Division of Housing and Community Renewal (DHCR) registration and filing requirements were binding on landlord, and were met here, federal regulations expressly preempted the Rent Stabilization Law. The building itself was not subject to the Rent Stabilization Law or rent stabilization coverage, notwithstanding any individual apartment filings with DHCR.
Similarly, the DHCR itself, in two postjudgment orders dated January 22, 2020, concerning tenant's complaints to that agency, effectively reached the same conclusion, expressly determining that "the subject building/apartment is not subject to [the] Rent Stabilization Code because the building is a project-based Section 8 housing subject to the regulations of HUD" (emphasis added). Accordingly, landlord was not required to plead and prove that tenant's apartment was subject to and in compliance with rent stabilization laws in the instant holdover proceeding.
Nor is "[s]uch an exemption [from rent stabilization coverage] . . . subject to waiver or equitable estoppel" (546 W. 156th {**69 Misc 3d at 22}St. HDFC v Smalls, 43 AD3d 7, 11 [2007], quoting 512 E. 11th St. HDFC v Grimmet, 181 AD2d 488, 489 [1992], appeal dismissed 80 NY2d 892 [1992]; see Matter of 322 W. 47th St. HDFC v Loo, 153 AD3d 1143, 1144 [2017], lv dismissed 30 NY3d 1084 [2018]; Gregory v Colonial DPC Corp. III, 234 AD2d 419 [1996]).
We have considered tenant's remaining arguments and find them unpreserved and unavailing.
Edmead, P.J., Higgitt and McShan, JJ., concur.