330 S. Third St. Hous. Dev. Fund Corp. v Albedia (2025 NY Slip Op 25126)

[*1]

330 S. Third St. Hous. Dev. Fund Corp. v Albedia

2025 NY Slip Op 25126

Decided on May 16, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on May 16, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2023-1002 K C

330 South Third Street Housing Development Fund Corporation, Appellant,
against
Elizabeth Albedia, Respondent, and Andrew Albedia and "John Doe" and "Jane Doe," Undertenants. 

Andrea Shapiro, Esq. PLLC (Andrea Shapiro of counsel), for appellant.
Camba Legal Services, Inc. (Leah Margulies of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Elizabeth Donoghue, J.), dated August 30, 2023. The order granted tenant's motion to dismiss the petition and denied landlord's cross-motion for summary judgment in a holdover summary proceeding.

ORDERED that the order is reversed, without costs, tenant's motion to dismiss the petition is denied and landlord's cross-motion for summary judgment is granted.
Landlord, a housing development fund corporation (HDFC) cooperative, commenced this holdover proceeding on the ground that landlord terminated the proprietary lease because tenant, Elizabeth Albedia, and her relatives engaged in objectionable conduct in violation of the lease and house rules. Tenant moved to dismiss the petition pursuant to CPLR 3211 (a) (7) on the ground that landlord failed to comply with the notice requirements of Real Property Law § 226-c (1) or, in the alternative, for summary judgment dismissing the petition. Landlord cross-moved for summary judgment. By order dated August 30, 2023, the Civil Court granted tenant's motion pursuant to CPLR 3211 and denied landlord's cross-motion as moot.
Landlord terminated the subject proprietary lease prematurely, in accordance with a conditional limitation in the proprietary lease that permits early termination (see 1900 Albemarle, LLC v Solon, 57 Misc 3d 158[A], 2017 NY Slip Op 51665[U] [App Term, 2d Dept, 2d, 11th & [*2]13th Jud Dists 2017]). Thus, Real Property Law § 226-c, which requires a nonrenewal notice where none was required before, is not applicable, and landlord correctly argues that tenant's motion to dismiss the petition should not have been granted on that ground. 
In order to make a prima facie showing of entitlement to summary judgment, landlord was required to provide "competent evidence" that the tenancy was terminated because tenant engaged in "objectionable" conduct (RPAPL 711 [1]; see 40 W. 67th St. v Pullman, 100 NY2d 147, 154 [2003]; Breezy Point Coop., Inc. v Young, 16 Misc 3d 101 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). The application of the business judgment rule has been held to satisfy the competent evidence requirement in holdover proceedings by non-HDFC cooperatives against their shareholders (40 W. 67th St. v Pullman, 100 NY2d at 155 ["While RPAPL 711 (1) applies to the termination before us, we are satisfied that the relationships among shareholders in cooperatives are sufficiently distinct from traditional landlord-tenant relationships that the statute's 'competent evidence' standard is satisfied by the application of the business judgment rule"]). Tenant argues that, because of its status as an HDFC cooperative, landlord must be held to a higher standard and is required to plead and prove that it had "good cause" to terminate the lease, relying on 952 St. Marks Ave. HDFC v White (66 Misc 3d 35 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Thus, tenant argues, landlord's cross-motion for summary judgment should not be granted on this appeal. 
In 512 E. 11th St. HDFC v Grimmet (181 AD2d 488 [1992]), an HDFC cooperative commenced a holdover proceeding to recover an apartment from a non-shareholder month-to-month tenant after serving a 30-day notice. The Appellate Division held that, while Real Property Law § 232-a does not require such a notice to set forth a basis to terminate a month-to-month tenancy, because the landlord was an HDFC cooperative, and the government was so "entwined" with such premises that "constitutional due process guarantees" were triggered, the "tenant [was] entitled to notice of the alleged cause for eviction and procedural due process in the determination of whether cause exist[ed]" (512 E. 11th St. HDFC v Grimmet, 181 AD2d at 489). This reasoning and additional requirement has been applied in other holdover proceedings by HDFC cooperatives against non-shareholder tenants where a typical landlord would not be required to provide a reason for the eviction (see e.g. 330 S. Third St., HDFC v Bitar,28 Misc 3d 51 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; 207-211 W. 144th St. HDFC v Sprull,29 Misc 3d 142[A], 2010 NY Slip Op 52196[U] [App Term, 1st Dept 2010]; see also 952 St. Marks Ave. HDFC v White,66 Misc 3d 35). 
However, in 167-169 Allen St. H.D.F.C. v Ebanks (22 AD3d 374, 376 [2005]), a holdover proceeding by an HDFC cooperative against a shareholder tenant, upon determining that the shareholder had violated the proprietary lease by failing to follow the cooperative's procedures for assigning her shares to her daughter, the Appellate Division, First Department, rejected an argument that the landlord's motion for summary judgment must be denied "pursuant to 512 E. 11th St. HDFC v Grimmet (181 AD2d 488 [1992], appeal dismissed 80 NY2d 892 [1992])." The Court explained, "[i]n distinction to the deficient notice provided the tenant in 512 E. 11th St., respondent Ebanks was served with a notice to cure detailing the conduct alleged to be in violation of the lease, and quoting the specific lease provisions pertaining to each violation alleged. Further, she was provided an opportunity to be heard with regard to same, satisfying procedural due process requirements" (167-169 Allen St. H.D.F.C. v Ebanks, 22 AD3d at 376). [*3]Similarly, here, the record demonstrates that, prior to serving a notice of termination, the board provided notices of the objectionable conduct tenant was being accused of and held special meetings where tenant was permitted to be heard. Thus, as in 167-169 Allen St. H.D.F.C. v Ebanks, tenant's procedural due process rights to notice and the opportunity to be heard were satisfied. 
Applying the business judgment rule to landlord's cross-motion for summary judgment, we find that landlord made a prima facie case in that it established that the notices of objectionable conduct were provided in the manner required by the HDFC cooperative's governing documents and that, after the special meetings, the board voted to terminate the tenancy, based upon objectionable conduct, in accordance with those documents (see 40 W. 67th St. v Pullman, 100 NY2d 147). Tenant failed to raise a triable issue of fact that showed that the board acted "(1) outside the scope of [their] authority, (2) in a way that did not legitimately further the corporate purpose or (3) in bad faith" (Jacobs v Grant, 127 AD3d 924, 926 [2015]). Therefore, landlord's cross motion for summary judgment should have been granted.
Accordingly, the order is reversed, tenant's motion to dismiss the petition is denied and landlord's cross motion for summary judgment is granted.
TOUSSAINT, P.J., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 16, 2025